## NAVE *v* WILSON, Administrator.

PRACTICE.—*Harmless Error.*—*Demurrer.*—A demurrer to a special paragraph of reply directed to an entire answer, as to one paragraph of which said paragraph of reply was bad, was overruled. On the trial, no evidence was offered in support of the answer, to all the paragraphs of which the general denial was pleaded.

*Held,* that the error in overruling said demurrer was not available to the defendant.

DECEDENTS' ESTATES.—*Set-Off.*—*Another Action Pending.*—A judgment for costs against a decedent's estate, to enforce which a suit by the judgment-plaintiff against the administrator upon his bond is pending and undetermined, cannot be set up as a set-off in a suit by said administrator against said judgment-plaintiff upon a note executed by the latter to the decedent.

SAME.—*Res Judicata.*—Where an account has been filed as a claim against a decedent's estate, and final judgment on the merits of the cause has been rendered, such judgment, remaining in force, is a bar against said account as a set-off in a suit by the administrator of said estate against the claimant upon a note executed by the latter to said decedent.

APPEAL from the Hendricks Circuit Court.

Suit by Wilson, administrator of the estate of David Matlock, deceased, against the appellant, on a promissory note for eight hundred and eighty-nine dollars and seventy cents, executed by the appellant to said Matlock.

The appellant answered in four paragraphs. The first alleges the execution of the note through mistake as to the amount; that it should have been for five hundred and seventy-five dollars; and, by way of set-off, that said Matlock, at the date of his death, was indebted, and his estate is still indebted, to the defendant, in the sum of five hundred and eighty dollars, a bill of particulars of which is filed.

The second paragraph alleges, that the note was executed, with two others, for the purchase-money of certain land conveyed by said Matlock to the appellant for a certain sum, which was the entire indebtedness of the defendant to said Matlock at the time, the amounts for which said two other notes were executed being specified; and that the note in suit was executed by mistake for eight hundred and eighty-nine dollars and seventy cents, when it should only have been made for five hundred and seventy-five dollars, the

difference between the amount of said two other notes and'
the entire purchase-money of said land. And the defend-
ant offers to set off against the note in suit an account for
services as attorney, amounting to five hundred and eighty
dollars, and demands judgment for the excess.

The third paragraph of the answer alleges, that said
David Matlock, deceased, before his death, sold and deliv-
ered the note sued on to his daughter, Sarah Matlock; and'
that said David, at the time of his death, had no claim or
interest in said note.

The fourth paragraph alleges, that said David Matlock
at the date of his death was indebted, and the estate of said'
Matlock at the commencement of this suit was and still is
indebted, to appellant, in the sum of five hundred and eighty
dollars, upon an account for work and labor done by the ap-
pellant and one John Witherow, as attorneys, in bringing,
prosecuting, and defending divers suits in the courts of this
State, upon the promise and agreement of Matlock to pay for
said services where the Danville and White Lick Plank Road
Company was a party to such suits; and that Witherow as-
signed to appellant his interest in said accounts for such ser-
vices before the death of Matlock; and that the estate of
David Matlock was further indebted to appellant in the sum
of one hundred and eighty-nine dollars and fifty-six cents
upon a judgment recovered in the Hendricks Circuit Court,
on the 8th day of April, 1867, in a suit therein, wherein appel-
lee, administrator, was plaintiff, and appellant, sued with
others, was defendant; a transcript of which judgment, so
recovered, was made part of said answer; and appellant
offered to set off said account and judgment against any
sum that might be found to be due appellee; and he
demanded judgment for the excess.

Reply in four paragraphs:

First, general denial of the whole answer.

Second, that said account for five hundred and eighty
dollars, for fees, set forth in the answer, had been fully
adjudicated in a case of claim by the appellant against the

estate of said Matlock, deceased, in the court of common pleas of Hendricks county, a transcript of which was filed with the reply.

The third paragraph was a reply to so much of the answer as alleged the ownership of the note to be in Sarah Matlock. It admitted that said note was not inventoried by the administrator, because it had not come to his hands at the time of making the inventory, and alleged, that for a long time plaintiff understood that, by a contract between said David and the defendant, said note was to be paid by the defendant's conveying certain land to said decedent or his order; to enforce which contract, plaintiff had instituted a suit against said Nave and others, which remained pending until within the last twelve months; that said note was delivered to said Sarah by said David, her father, as an advancement, but that, owing to the failure of the defendant to comply with his agreement to convey said real estate, and the numerous and large debts of said estate, the plaintiff demanded said note of said Sarah, for the payment of the liabilities of said estate, and it was returned to him for that purpose.

The fourth paragraph was a reply to so much of the answer as sought to set off said judgment for one hundred and eighty-nine dollars and fifty-six cents; and it alleged that there was a suit then pending and undetermined, in the court of common pleas of Hendricks county, for the same identical judgment, a transcript of which suit was filed with the reply, said suit being an action by the appellant against the appellee on his bond as administrator.

Demurrers to these replies were overruled, and the appellant excepted. The cause was tried by the court. Finding for the plaintiff for the full amount of the note and interest. Motion for a new trial overruled; and judgment on the finding.

ELLIOTT, J.—The first question to which our attention is called in the case arises upon the ruling of the court in

overruling the demurrer to the second paragraph of the reply. That paragraph assumes to reply to the whole answer, but it fails to do so. The third paragraph of the answer alleges, that Matlock, the intestate, before his death, sold, transferred, and delivered the note in suit, for a valuable consideration, to one Sarah Matlock; that the intestate, at the time of his death, had no interest whatever therein; and that the plaintiff, as administrator of the decedent, had no right of action on said note. And the second paragraph of the reply neither denies nor confesses and avoids the matters so alleged in the third paragraph of the answer. The reply is therefore bad. But the judgment should not be reversed for that error. The first paragraph of the reply was a denial of the whole answer, and put in issue the matters alleged in the third paragraph of the answer, and threw upon the appellant the burden of proof; but no evidence whatever was adduced to sustain the allegations of the answer. The error was merely technical. Issues were properly made on all the paragraphs of the answer, and the appellant could not have been injured or prejudiced in his rights by the error of the court in the ruling on the demurrer.

A question is made as to the sufficiency of the fourth paragraph of the reply. We think it was good.

The court, to which the cause was submitted for trial, found for the appellee the amount of the note and interest; and it is claimed that the finding was excessive, from the evidence. This claim is, in part, based on the paragraph of the answer alleging a mistake made in drawing the note, by which it was made for too large a sum. The evidence fails to show the consideration for which the note was given. It was drawn by the appellant himself, and the evidence does not show that there was any error in the amount; and, in the absence of such proof, the amount named in the note must be presumed to be correct. But it is further urged that the appellant should have been allowed the amount claimed as a set-off on the account set up for services, &c.

The evidence, however, shows that the appellant had previously filed the same account as a claim against the estate of Matlock, the intestate, in the court of common pleas of Hendricks county; that upon the refusal of the administrator to allow it, a trial was had in that court and a final judgment rendered on the. merits, which still remains in full force. That judgment was a conclusive bar against the account as a set-off in this case. And as to the judgment for costs against the estate, claimed by the appellant as a set-off, the evidence shows that at the time of filing the answer, and of the trial in this case, the appellant had another action pending for the same cause, which precluded him from setting it up as a set-off in this suit. We think the evidence sustains the finding of the court, and the judgment should be affirmed.

Judgment affirmed, with costs, and five per cent. damages.

*C. C. Nave* and *W. A. McKenzie,* for appellant.

*L. M. Campbell,* for appellee.