FRANK M. GREEN *vs.* JOHN D. SANBORN.

Essex. November 7, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Judgment — Set-off — Res Judicata.*

In an action of contract in the courts of the District of Columbia, a valid plea setting up a claim properly a matter of set-off was filed by the defendant, and issue was joined thereon. At the trial, upon the defendant's offering to prove his plea in set-off, the plaintiff objected, and the presiding judge, upon a full statement of the nature and amount of the defendant's claim and argument by counsel, ruled, as matter of law, that " the claim pleaded in set-off could not be sustained, and that no evidence in support of it could be admitted," and excluded all evidence to prove it, and a verdict and judgment were rendered for the plaintiff. *Held*, in an action on the judgment, that the matters pleaded in set-off in the original action were *res judicata*.

CONTRACT on a judgment. The defendant filed a declaration in set-off, to which the plaintiff answered that the matters declared in set-off were *res judicata*. At the trial in the Superior Court, *Mason*, J. ruled that, assuming the facts to be as reported by the auditor to whom the case was referred, such matters were *res judicata;* and the defendant thereupon consented to a verdict for the plaintiff, and alleged exceptions to this ruling. The facts appear in the opinion.

*B. F. Butler*, (*F. L. Washburn* with him,) for the defendant.

*B. F. Hayes*, for the plaintiff.

W. ALLEN, J. To this action upon a judgment of the Supreme Court of the District of Columbia, the defendant, besides a general denial and payment, filed a declaration in set-off for money had and received by the plaintiff to the defendant's use. To the defendant's declaration in set-off, the plaintiff answered that the defendant pleaded the same matters in set-off in the former action, and that they were included in and concluded by the judgment in that action.

By the statutes relating to the District of Columbia, which were in evidence, "Mutual debts between the parties to an action . . . may be set off against each other by plea in bar, whether the said debts be of the same or a different nature; and if either debt arose by reason of a penalty, the exact sum to be set off shall be stated in the plea." A form of plea of set-off is given by the statute; and it is provided that "upon the trial of an issue upon a plea of set-off, judgment shall be for the balance found due, whether to the plaintiff or defendant, with costs." U. S. Rev. Sts. D. C. §§ 810–812. The record of the action in the Supreme Court of the District of Columbia, which was in evidence, showed that the declaration was upon a contract by which the defendant promised to pay certain sums to the plaintiff for services to be performed by him, and upon the common counts. To this declaration the defendant, on April 3, 1877, filed three pleas, the third of which was a plea of set-off. It is found that this plea was defective under the rules of the court, for want of proper verification. It also differed materially from the statute form. Issue was not joined on these pleas. On November 23, 1877, the defendant, by leave of court, filed four pleas, which included all matters set up in the pleas before

filed, and the fourth of which was a plea of set-off for money
had and received. This plea was properly verified, and issue
was joined upon the pleas on February 19, 1878. On March 26,
1880, an amendment, not stated to have been by leave of court,
was filed to the third plea, by striking out certain words which
are in the third plea first filed, and inserting in their place cer-
tain other words, so that, as amended, the plea is a copy of the
plea of set-off filed on November 23, 1877. This plea is not
verified, and there is no account or bill of particulars annexed to
it, and issue was not joined upon it. The record further shows
a trial and a verdict for the plaintiff, for the amount of the
judgment sued upon.

The defendant contends that the record does not show a trial
of the plea in set-off, because no issue was joined upon it. But
clearly issue was joined upon it. Issue was joined upon the
pleas which were filed on November 23, including the plea of
set-off. This was not affected by filing a copy of the plea, more
than two years after, as an amendment of the third plea filed in
April, 1877. The record shows a declaration, four pleas, — one
to the first count denying the promise, the second to the com-
mon counts, denying the indebtedness, the third, a plea of pay-
ment, and the fourth, a plea of set-off, — issue joined upon the
pleas, a trial of the issue, and a general verdict, which, as there
was no motion for a special verdict under the statute, was the
only one which could be rendered upon the pleadings. The
record shows that the plea of set-off was in issue, and that trial
and verdict were had upon it.

The plaintiff further relies upon proceedings at the trial of
the original action, as stated in the auditor's report, to show
that there was in fact a trial of the issue upon the plea in set-
off. As stated in the report, the defendant offered evidence to
prove his plea in set-off. " To this the plaintiff's counsel ob-
jected, and, upon full statement of the nature and ground of
the defendant's claim, and argument by counsel, his honor, the
presiding justice, ruled, in substance, as matter of law, that
the claim pleaded in set-off could not be sustained, and that no
evidence in support of it could be admitted," and excluded all
evidence to prove it. The defendant's counsel excepted to this
ruling, and no further proof was offered in support of the plea

of set-off.   The defendant certainly regarded the issue upon the plea of set-off as upon trial, for he offered evidence to prove the plea.   The defendant argued that the evidence may have been excluded because issue was not joined on the plea, or because the plea did not set out a demand in its nature a matter of set-off.   It seems that issue was joined on the plea, and that a demand for money had and received is matter of set-off.   If the court had excluded the evidence on either ground, it seems that it would have been an erroneous ruling in the course of the trial, for which the defendant's remedy would be by exception.   But the natural meaning of the language is that the ruling was upon the merits of the defendant's claim, and that the facts relied upon to prove it would not sustain a claim for money had and received.   It is not suggested that the plea was not a valid plea of set-off, and the record shows that the ruling was made in the course of the trial of the issue joined upon it.

The rejection of evidence offered, and the ruling that upon the statement of a party his action or defence cannot be sustained, are ordinary incidents of a trial; and that appears to be all that was done in this case.

The defendant did not become nonsuit in his plea of set-off. He did not withdraw his plea.   It does not appear that he could have done either.   The ruling only affected the verdict.   If it was wrong, the verdict would have been set aside had the defendant prosecuted the exceptions which he took.

*Exceptions overruled.*