## CHAPMAN v. WARDEN.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 9, 1907.)

APPEAL AND ERROR (§ 80*)—"FINAL JUDGMENT"—NECESSITY.

On a general verdict for plaintiff a decree for him, in a certain sum with all costs, but not disposing of definite issues raised by a cross-action, was not a "final judgment" supporting an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 450, 456, 457, 494–509; Dec. Dig. § 80.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

Appeal from Jack County Court.

Action by T. F. Warden against Van Chapman. From a judgment in favor of plaintiff, defendant appeals. Appeal dismissed.

Nicholson & Fitzgerald, of Jackson, for appellant.

SPEER, J. The appeal in this case is dismissed for the reason that there is no final judgment contained in the record. The decree following the verdict of the jury finding in favor of the plaintiff in the amount of $150 is that "it is ordered, adjudged, and decreed by the court that the plaintiff, T. F. Warden, do have and recover from the defendant, Van Chapman, the sum of $150 and all costs in this behalf expended, for which let execution issue"; but it nowhere disposes of appellant's cross-action to recover for the value of the well casing and rope lost. This issue was distinctly raised by the pleadings and was submitted by the court in his charge. The findings of the jury, generally, for the plaintiff may have been sufficient disposition of the cross-action; but the judgment, to be final, should have followed up the verdict and disposed of such issue. Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061, and authorities there cited.

Appeal dismissed.