## HEDRICK v. SMITH et al.

(Court of Civil Appeals of Texas. Austin.
March 20, 1912.)

1. JUDGMENT (§ 256*) — VERDICT — SUFFI-
CIENCY.

A verdict which merely awarded defendant
damages on his plea of reconvention, without
disposing of plaintiff's claim, was insufficient
to support a judgment.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. JUDGMENT (§ 305*)—AMENDMENT.

A judgment which is not supported by a
sufficient verdict cannot be amended.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 596, 597; Dec. Dig. § 305.*]

3. LANDLORD AND TENANT (§ 223*)—CANCEL-
LATION OF LEASE—EFFECT.

In a landlord's action for rent, the tenant
could not reconvene for damages for causing
her to abandon the premises, where it appear-
ed that the lease was canceled by mutual
agreement, without first having the cancella-
tion agreement rescinded for the duress under
which she claimed it was executed.

[Ed. Note.—For other cases, see Landlord
and Tenant, Cent. Dig. §§ 885–893; Dec. Dig.
§ 223.*]

4. DAMAGES (§ 40*)—SPECULATIVE DAMAGES
—PROFIT.

Damages suffered by a tenant from being
compelled to abandon the premises, consisting
in loss of profits from keeping boarders which
she would have kept, had she not removed,
were too uncertain and speculative to be recov-
erable.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

5. TRIAL (§§ 240, 194*), — INSTRUCTIONS —
WEIGHT OF EVIDENCE.

In a landlord's action for rent, in which
the tenant reconvened for damages from being
compelled to abandon the premises, preventing
her from keeping boarders therein, an instruc-
tion that the number of boarders taken does
not control as to whether the house is a pri-
vate boarding house should have been refused
as argumentative and upon the weight of the
evidence.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 561, 413, 439–441, 446–454, 456–466;
Dec. Dig. §§ 240, 194.*]

Appeal from Williamson County Court;
Richard Critz, Judge.

Action by F. M. Hedrick against Emma
Smith and others, in which defendant named
reconvened. From a judgment for defend-
ants, plaintiff appeals. Reversed and re-
manded.

W. A. Barlow, of Taylor, for appellant.
C. V. Compton, of Taylor, and Wilcox &
Graves, of Georgetown, for appellees.

### Findings of Fact.

JENKINS, J. Appellant, on May 1, 1909,
entered into a written contract with Mrs.
Emma McCann, now Mrs. Emma Smith,
wherein he leased to her, for the term of
two years, a hotel building in Taylor, Tex.,
at $50 per month. Afterwards, by agreement,
appellant put additional improvements on
the lot, and the rent was fixed at $55 per
month. Appellant became dissatisfied with
appellee as a tenant, on account of the al-
leged mistreatment of his property, and gave
her notice to vacate June 1, 1909. By agree-
ment, the lease contract was canceled, and
she notified appellant that she would vacate
on July 1, 1909. Appellant alleges that on
account of the Taylor fair, to be held the
first week in July, he agreed with appellee
that she might remain in the house until
after said fair, and pay for the same at the
time she occupied the premises at the rate
of $55 per month. Appellee alleges that
appellant requested her to remain during
said time, rent free, for the benefit of his
rooming house, which adjoined the premises.

The written contract of lease required
the lessee to keep up all repairs, except in
case of fires, cyclones, etc., and return same
in as good condition as she received it, less
reasonable wear of same. The appellee re-
mained in possession of the premises to July
13th, when she abandoned the same and
rented another house nearby, in which she
continued her business of keeping boarders.
Appellant brought this suit in the justice
court for rent for the 13 days, at the rate
of $55 per month, and for the costs of cer-
tain repairs which, he alleged, should have
been made by appellee, total $79.62. Appel-
lant sued out a distress warrant, and had the
same levied on certain goods belonging to
appellee, including a cook stove. Appellee
reconvened, asking actual damages occasion-
ed by the detention of said cook stove, $4,
exemplary damages, $45, and damages occa-
sioned by plaintiff's causing defendant to
abandon said lease contract, $150. There
was a judgment in the justice's court for
appellee for the sum of $12.50, from which
appellant appealed to the county court. Up-
on trial by jury in the county court, the
following verdict was returned: "George-
town, Texas, April 26, 1911. We, the jury,
find for the defendant in the following sums
as damages: (1) To actual damages, $4; (2)
exemplary damages, $45; (3) to damages
caused by the plaintiff causing defendant
to abandon lease contract, $150. [Signed]
J. T. McCarty, Foreman." Upon which ver-
dict the following judgment was rendered:
"Wherefore the court is of the opinion that
the defendants should have their judgment
on their cross-action in the sum of $199, as
provided in the verdict of the jury. There-
fore it is ordered, adjudged, and decreed
by the court that defendants Mrs. Emma
Smith and T. J. Smith do have and recover
of and from the plaintiff, F. H. Hedrick, the
sum of $199, as provided in the verdict of
the jury herein, together with 6 per cent.
interest from and after this date, together
with all costs in this behalf expended, both
in this court and in the lower court, for all
of which let execution issue, as provided by
law."

Appellant's motion for a new trial being

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

overruled, he gave notice of appeal and filed his appeal bond, which was approved by the clerk on May 10, 1911. Statement of facts was duly prepared and filed in accordance with law.

On the 25th day of July, 1911, the same being a day of the next term of said county court, appellees filed in said court their motion to amend the judgment, which motion was resisted by appellant on the grounds, first, that, the cause having been appealed, the county court had no jurisdiction; and, second, that there was nothing in the record from which said judgment could be amended, and that said judgment was in fact the judgment rendered by the court, and the only proper judgment that could have been rendered on the verdict of the jury. Appellant's exceptions were overruled, and said judgment was by the court amended by including therein the following: "Therefore it is ordered, adjudged, and decreed by the court that the plaintiff, F. M. Hedrick, take nothing as against Mrs. Emma Smith and T. J. Smith in this case."

#### Opinion.

[1] 1. The judgment of the court, as originally rendered, was insufficient, in that it did not dispose of all of the issues; that is to say, it did not determine whether or not the plaintiff was entitled to judgment upon his cause of action against defendants. Bank v. Harris et al., 138 S. W. 1162; Sapp v. Anderson, 135 S. W. 1068.

[2] 2. The court erred in allowing said judgment to be amended, for the reason that the verdict of the jury was insufficient as a basis for any judgment, except that which was rendered. This being true, it is not necessary for us to decide as to the power of the court to amend its judgment at a subsequent term, where appeal has been taken.

3. We sustain appellant's fourth assignment, which is as follows: "The court erred in overruling plaintiff's special exception No. 1, addressed to defendants' cross-action, and in which plaintiff excepted to all that part of defendants' plea for damages on their cross-action as to the alleged acts of plaintiff occurring before the issuance of said distress warrant, for the reason that such were immaterial, irrelevant, not proper elements of damage, constituted a tort, were unliquidated damages, if any, and could not be pleaded in answer to a suit for rents, based upon a written contract."

We likewise sustain the tenth assignment of error, complaining of the charge of the court, as follows: "You are instructed that on the element of damages pleaded by defendant, by reason of the alleged compelling of defendant to abandon her business in said house, that the measure of damages, if any you find there was, is what defendant would have made, had she continued in such business, less what she did actually make after she moved, provided she exerted reasonable diligence to procure other quarters for the conducting of such business."

[3, 4] The evidence shows that the lease contract was canceled by mutual agreement. Appellee alleges that she was induced to cancel said contract by the conduct of appellant in annoying her and threatening to have her children arrested for breaking window lights and otherwise injuring his property; and that he did in fact have one of her boys arrested on said charge. If appellant was unlawfully interfering with appellee's affairs, she might have prevented the same by injunction, or might have prosecuted him criminally, had he violated the law. She does not in this case seek to annul the rescission of the contract upon her part by reason of threats or duress, but seeks to recover damages for profits which, she alleges, she would have made, had she not canceled said lease contract. We do not think her reasons for canceling said contract could be inquired into in this case, and, having voluntarily canceled said contract, she is not entitled to any profits which she might have made but for the cancellation of the same. In addition to this, the profits alleged and attempted to be proven were too vague, uncertain, and speculative to be recoverable in an action at law.

[5] 4. Paragraph 4 of the court's charge, "that the number of boarders taken does not control as to whether the house is a private boarding house," was argumentative and upon the weight of the evidence, and therefore should not have been given. The remaining assignments are overruled.

For the reasons herein stated, the judgment in this case is reversed and remanded.

Reversed and remanded.