TRAMMELL et ux. v. ROSEN.†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 30, 1912. On Motion for Certiorari, Dec. 21, 1912.)

1. APPEAL AND ERROR (§ 80*)—"FINAL JUDGMENT"—WHAT CONSTITUTES.

Where a judgment against the husband upon vendor's lien notes, and against both husband and wife for foreclosure of the lien, failed to dispose of the wife's cross-action, wherein she pleaded specifically that all the lots involved had, by contract of purchase, followed by valuable and permanent improvements, become their homestead prior to the execution of the notes (they being given without her consent), and also asked damages growing out of the wrongful execution of a writ of sequestration, it was not a final judgment, though it recited the verdict which disposed of such cross-action; it being essential, in order for a judgment to be final, that it contain the court's declaration of the legal consequences of the facts found by the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

On Motion for Certiorari.

2. APPEAL AND ERROR (§ 807*)—PROCEEDINGS AFTER DISMISSAL—RIGHT TO CERTIORARI TO CORRECT JUDGMENT.

Under the express terms of the rules for the Courts of Civil Appeals, rule 22 (67 S. W. xv), appellants, who perfected their appeal with full notice of defects rendering the judgment not final, could not, after dismissal of their appeal, have such dismissal set aside and secure a writ of certiorari to bring up a corrected judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3177–3188; Dec. Dig. § 807.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Sam Rosen against W. M. Trammell and wife. From judgment for plaintiff, defendants appeal. Appeal dismissed, and motion for certiorari overruled.

Harris, Harris & Young, of Ft. Worth, for appellants. Slay, Simon & Wynn, of Ft. Worth, for appellee.

CONNER, C. J. Appellee, Sam Rosen, sued upon a series of 64 promissory notes executed by appellant W. M. Trammell, each for the sum of $20, and dated June 25, 1904. It was alleged that the notes had been given for purchase money of a number of lots described in the petition, including lot 7, block 56, situated in the Rosen Heights addition to the city of Ft. Worth, and a foreclosure of the vendor's lien was prayed for. Mrs. Iva D. Trammell, wife of said W. M. Trammell, made herself a party defendant, and both defendants, among other things, pleaded specially to the effect that said lot 7 had, by contract of purchase, followed by valuable and permanent improvements, become their homestead prior to the execution of the notes, which had been given for a number of other lots contracted for by W. M. Trammell, without the knowledge or consent of the wife, on the day the notes bore date, and after said lot 7 had so become a homestead. The defendants also set up the issuance and execution of a writ of sequestration at the plaintiff's instance, which was alleged to have been wrongfully and maliciously sued out; and the prayer was that possession of said lot 7 be restored to them free of the asserted lien, and for the recovery of a large amount of actual and exemplary damages growing out of the execution of the writ of sequestration. The trial resulted in a peremptory instruction, followed by a verdict and judgment for appellee, from all which an appeal has been prosecuted in the usual form.

[1] The judgment appealed from, omitting

---

formal and unnecessary parts, reads as follows:

"This day, this cause coming on to be heard, came all parties hereto, in person and by attorneys, and thereupon came a jury of good and lawful men, who, having been duly impaneled and sworn under instructions of the court, returned into court the following verdict: 'We, the jury, find for the plaintiff as against the defendant W. M. Trammell for the amount of the notes sued on, principal, $1,270.40, interest, $776.90, and attorney fees, $204.73, together with foreclosure of the vendor's lien in favor of the plaintiff as against the defendants W. M. Trammell and Iva D. Trammell on all property described in plaintiff's petition, and we further find against the defendants on their counterclaim. F. R. Largent, Foreman.'

"And it appearing to the court, from the finding of the jury aforesaid, that the defendant W. M. Trammell is indebted to the plaintiff in the sum of $2,252.03, and that the notes sued upon bear interest at the rate of 8 per cent., and that said notes were given on June 25, 1904, to secure the payment of the purchase price for the following described real property, to wit: [Here follows a description of all the lots upon which the plaintiff asserted the vendor's lien, but which it is unnecessary to set out.]

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Sam Rosen, do have and recover of and from the defendant W. M. Trammell the sum of $2,252.03, principal and interest and attorney's fees, together with interest on the sum of $2,047.30 at the rate of 8 per cént. from this date, and interest on the sum of $204.73, from this date, at the rate of 6 per cent. per annum, together with his costs in this behalf expended.

"It is further ordered, adjudged, and decreed by the court that plaintiff's lien, as it existed on the 25th day of June, 1904, upon the above-described land and premises be, and the same is hereby, foreclosed against the defendants W. M. Trammell and Iva D. Trammell, and that order of sale issue directed to the proper officer of Tarrant county, commanding him to seize and sell the above-described tracts of land as under execution, and that he apply the proceeds of said sale to satisfy the said sum of $2,252.03, together with interest and costs of suit, and if said land should sell for more than sufficient to pay off and satisfy said sum of money, then said officer is hereby directed to pay over the excess to the defendant W. M. Trammell; but, if said land should not sell for enough to pay off and satisfy this judgment, then said officer shall make the balance out of the said W. M. Trammell as under execution.

"It is further ordered that said officer place the purchaser of said property in possession thereof within 30 days after the date of sale; and said order of sale, when issued, shall have the force and effect of writ of possession."

Under the decisions to which we have steadily adhered, it seems clear that the judgment herein is not final in that it fails to dispose of appellants' cross-action. See Lewis v. Kelly, 146 S. W. 1197, and decisions there cited; Partridge v. Wooten, 137 S. W. 413; Clopton v. Herring, 26 S. W. 1104; American Road-Mach. Co. v. City of Crockett, 49 S. W. 251; 1 Freeman on Judgments (4th Ed.) § 34. It can make no difference that the verdict of the jury does dispose of the defendant's cross-action, and that such verdict is recited in the judgment. The verdict but constitutes the facts as ascertained in one of the methods provided by the law, and cannot be made to supply the court's conclusion thereon. To be final, the judgment should further contain the declaration of the court pronouncing the legal consequences of the facts found. See Fitzgerald v. Evans et al., 53 Tex. 461; Mayfield v. State, 40 Tex. 289; Land & Loan Company v. Winter, 93 Tex. 560, 57 S. W. 39; the unpublished opinion of this court in cause No. 5,324, Van Chapman v. Warden, 153 S. W. 937; section 2, Freeman on Judgments, supra.

In accordance with the authorities above cited, the appeal must be dismissed, and it is so ordered.

### On Motion for Certiorari.

Appellants present a motion to set aside the judgment of dismissal heretofore entered, and to grant them an order for a writ of certiorari to bring up a corrected judgment, and have attached, as an exhibit to the motion, a certified copy of a nunc pro tunc entry of the judgment in the district court, made since the dismissal of the appeal supplying the omissions, because of which we held the judgment of the district court wanting in finality. It is agreed that, if appellant is entitled to the writ, the certified copy may be considered without the formal issuance of the writ; but there is no waiver of the original objections to the judgment, so that we must determine whether, under the circumstances stated and to be hereinafter stated, the appellants are entitled to the writ of certiorari. To overrule the motion therefor may seem to be mere formalism, and yet we deem it our duty to do so. We will not stop to consider a suggestion that the sureties on an appeal bond, executed prior to the rendition of a final judgment, are not bound by the terms of the bond.

[2] The motion may, and we think should, be denied on other grounds. In the case of Ross v. McGowen, 58 Tex. 603, it was held that the Supreme Court would not, after the submission of a cause and after its decision, grant a rehearing and award a certiorari to perfect the record when no excuse was offered to show why the defect was not discovered before submission. Because of the

frequency of applications of the kind, we felt ourselves impelled, in a number of cases, to follow the rule announced in Ross v. McGowen. See H. & T. C. Ry. Co. v. Parker, 126 S. W. 942, and cases therein cited. A writ of error was granted in Railway Co. v. Parker; and, while in that particular case it was held that we should have granted the writ, the Supreme Court, after reviewing a number of later cases of contrary effect, say: "We think it is to be regretted that the court ever departed from the safe and sound rule laid down in Ross v. McGowen, supra," and "to prevent and put an end to such delays, inconveniences, and interferences with the Courts of Civil Appeals in the future, and the possibility of an interruption to the business of this court, we to-day amend rule 22 (67 S. W. xv) for the Courts of Civil Appeals, with reference to the preparation of causes for submission, so that hereafter the rule shall read as follows: 'A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing.' "

We need not enlarge upon the reasons so well stated in the cases cited for the amended rule. We think it sufficient to say that it is the law by which we must certainly be controlled, at least in ordinary cases; and, in the case before us, no reason appears why we should make an exception to the rule. The transcript in this case containing the defective judgment, as appears from the certificate of the clerk of the district court, was delivered to counsel for appellants on the 11th day of March, 1912, and filed in this court on the 25th day of May, 1912. Appellants filed their brief herein on the 16th day of August, 1912, and appellee filed his brief on November 4, 1912. On page 6 of appellants' brief we find the following, among other statements: "The jury returned a verdict as instructed, and judgment was rendered for the appellee for the amount sued for, and foreclosure of lien on all of the land and order of sale; but no mention is made in the judgment of the counterclaim of appellants for damage, and no mention of the claim for homestead." In the very opening of appellee's brief, attention is called to the statement from appellant's brief above quoted, and it is there further said: "This, we

understand under the authorities, is sufficient to cause a dismissal of the appeal for want of jurisdiction." With the transcript and briefs in the condition noted, this case was submitted on November 16, 1912, and no application for writ of certiorari made until the filing of the present motion on December 10, 1912, some 10 days after our judgment dismissing the appeal. An orderly administration of the law certainly does not contemplate that parties, with full notice of defects, such as are herein involved, shall be permitted to speculate upon whether the court will adopt a construction favorable to them, and, failing in this, shall thereafter be permitted in the way now sought to remedy that which might have been so easily remedied in the first instance. We doubtless have already devoted more time to the informal matters discussed than would have been necessary to dispose of the case on its merits; and the very object of the amended rule quoted is to avoid the useless consumption of time and labor that of right belong to litigants, in the order in which their cases appear on our docket. It is in the public interest that the rule should be enforced.

We conclude that the motion for certiorari must be overruled.