W. M. TRAMMELL ET AL. V. SAM ROSEN.

No. 2513. Decided June 25, 1913.

1.—Final Judgment—Verdict.

Though the verdict dispose of the issues raised on defendant's cross-action, and is recited in the judgment, the judgment should further pronounce the legal consequences of the facts found. (P. 134.)

2.—Same—Appeal.

A judgment may be final and sufficient to support an appeal where it disposes of a cross-action of defendant by necessary implication from the recovery which it awards to plaintiff, though not specifically stating that defendant take nothing thereby. (Pp. 134, 137.)

3.—Same—Case Stated.

Plaintiff suing to recover on purchase money notes and to foreclose his vendor's lien therefor, defendant set up homestead rights in one of several lots for which the lien was given, which rights he claimed attached under oral purchase with possession and improvements of such property, prior to the conveyance of and creation of the lien against all the lots; he also claimed damages for taking such homestead from his possession by sequestration. The ver-

dict, directed by the court, was for the full amount of plaintiff's debt, and for foreclosure of his lien on all the lots, and against his cross-action for damages, and was recited in the judgment. The judgment was for the recovery of his full claim by plaintiff and for the foreclosure of his lien on all the lots; but it did not mention or expressly dispose of the defendant's claim of homestead or his cross-action for damages. Held that both these issues were implicitly disposed of by plaintiff's judgment for debt and foreclosure; the judgment was a final one, and would support an appeal. (Pp. 133-137.)

**4.—Cases Reviewed.**

Linn v. Arambould, 55 Texas, 611; Texas & P. Ry. Co. v. Ft. Worth St. Ry. Co., 75 Texas, 82, distinguished. Rackley v. Fowlkes,. 89 Texas, 613; Davies v. Thomson, 92 Texas, 391, approved and followed. (Pp. 135, 136.)

Error to the Court of Civil Appeals, Second District, in an appeal from Tarrant County.

Trammell and wife obtained writ of error on a judgment dismissing their appeal from a judgment recovered against them by Rosen in the District Court.

*Harris, Harris & Young,* for plaintiffs in error.—The judgment in the trial court finally disposed of all the issues in the case. Hoefling v. Dobbin, 40 S. W., 58; Lewis v. Smith, 43 S. W., 294; Bemus v. Donnegan, 18 Texas Civ. App., 125; Bowman v. Saigling, 111 S. W., 1082; Crain v. Insurance Co., 120 S. W., 1099; Rackley v. Fowlkes. 80 Texas, 613; Davies v. Thomson, 92 Texas, 391.

*Slay, Simon & Wynn,* for defendant in error.—The judgment was not final and the appeal was properly dismissed. Partridge v. Wooten, 137 S. W., 412; Riddle v. Bearden, 36 Texas Civ. App., 97; Amer. Road Mach. Co. v. City of Crocket, 49 S. W., 251; Texas & P. Ry. Co. v. Fort Worth Street Ry. Co., 75 Texas, 82; Clopton v. Herring, 26 S. W., 1104; Kirby v. Linn, 34 S. W., 169.

MR. JUSTICE HAWKINS delivered the opinion of the court.

Defendant in error sued W. M. Trammell upon certain notes executed by him for and purporting to be secured by a vendor's lien upon certain land, including lot 7 in block 56 of Rosen Heights Addition to Fort Worth, praying judgment upon said notes and for foreclosure of said lien upon all of said land.

Defendant's wife made herself a party defendant. Defendants pleaded that lot 7 was their homestead under an oral contract of purchase, possession and occupancy and valuable improvements made by them thereon, all made prior to purchase by the husband of the other lands and execution and delivery of deed conveying to him all of said lands, including lot 7, and prayed that lot 7 be established as their homestead and exempted from said lien. Defendants also alleged that plaintiff wrongfully and maliciously sued out a writ of sequestration under which, by direction of plaintiff, said alleged homestead and certain personal effects, furniture, etc., were seized and withheld from them; wherefore, they prayed for actual and exemplary damages.

The trial court peremptorily instructed the jury to bring in a verdict against W. M. Trammell for the amount of notes sued on, and against both defendants for foreclosure of said lien upon all of the property described in plaintiff's petition, and against defendants on their counter claim; and the jury did so. Thereupon the court entered judgment accordingly, in usual form, except that it made no express mention of said counter claim. The verdict of the jury was set out at length in said judgment. Neither verdict nor judgment expressly mentioned said homestead claim. The terms of said judgment appear more fully in the opinion of the Court of Civil Appeals reported in 153 S. W., 164.

Defendants appealed, but the Court of Civil Appeals dismissed the appeal upon the ground that said judgment of the District Court is not final, in that it fails to dispose of appellants' cross-action.

The Court of Civil Appeals correctly held as follows:

"It can make no difference that the verdict of the jury does dispose of the defendant's cross-action and that such verdict is recited in the judgment. The verdict but constitutes the facts as ascertained in one of the methods provided by the law, and can not be made to supply the court's conclusion thereon. To be final the judgment should further contain the declaration of the court pronouncing the legal consequences of the facts found. See Fitzgerald v. Evans, 53 Texas, 461; Mayfield v. State. 40 Texas, 289; Texas Ld. & Loan Co. v. Winter, 93 Texas, 560, 57 S. W., 39; the unpublished opinion of this court in cause No. 5324, Van Chapman v. Warden, 153 S. W., 937; sec. 2, Freeman on Judgments."

The controlling issue here, as this case is presented to us, is: Was the judgment in question final?

If final, the appeal of plaintiffs in error should have been entertained by the Court of Civil Appeals; if not final, the action of that court, dismissing said appeal, must be sustained.

Upon that issue there have long been, in this State, two well defined and sharply conflicting lines of decisions by Courts of Civil Appeals. Such conflict arises, principally, it seems, upon the construction given to article 1994, Revised Statutes, 1911, relating to the form of judgments of district and county courts; those Courts of Civil Appeals who adhere to a strict rule of construction in the premises holding that a judgment which does not, in express terms, specifically dispose of a cross-action or counter claim is not a final judgment, such as will support an appeal, and those who adhere to a more liberal rule of construction holding that a judgment may be final even though it disposes of such cross-action or counter claim by necessary implication only, without expressly mentioning it.

Said statute is as follows:

"Article 1994 (1335). The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled, either in law or equity."

As pointed out in this case by Chief Justice Conner of the Court of Civil Appeals for the Second District, that court has steadily and consistently held to the stricter rule of construction, and has repeatedly refused, as in this case, to entertain jurisdiction of an appeal from a judgment which disposed of a cross-action or counter claim by implication only. Riddle v. Bearden, 36 Texas Civ. App., 97, 80 S. W., 1061; Huggins v. Reynolds, 51 Texas Civ. App., 504, 112 S. W., 116; Lewis v. Kelley, 146 S. W., 1197. See, also, Williams v. Bell, 53 Texas Civ. App., 474, 116 S. W., 837.

To the same effect are the following decisions of the Court of Civil Appeals for the Third District: Gulf, C. & S. F. Ry. Co. v. Stephenson, 26 S. W., 236; Clopton v. Herring, 26 S. W., 1104; Sapp v. Anderson, 135 S. W., 1068. See, also, Hedrick v. Smith, 146 S. W., 305.

The Court of Civil Appeals for the Fourth District holds in accordance with the more liberal rule of construction, treating as final certain judgments which did not specifically mention or expressly dispose of pleas of reconvention, set off, etc. Hoefling v. Dobbin, 40 S. W., 58; Lewis v. Smith, 43 S. W., 294; Bemus v. Donnigan, 18 Texas Civ. App., 125, 43 S. W., 1052; Kirby v. Linn, 34 S. W., 162. See, also, Amer. Road Mach. Co. v. City of Crockett, 49 S. W., 251; Wooley v. Sullivan, 43 S. W., 919; New York & T. Land Co. v. Votaw, 52 S. W., 125; Swearingen v. Williams, 28 Texas Civ. App., 559, 67 S. W., 1061.

To the same effect were the decisions of the Court of Civil Appeals for the Fifth District in Bowman v. Saigling, 111 S. W., 1082, and Crain v. Insurance Co., 120 S. W., 1099, citing Rackley v. Fowlkes, 80 Texas, 613, 36 S. W., 77; and Davies v. Thomson, 92 Texas, 391, 49 S. W., 215; Lewis v. Smith, supra; Bemus v. Donnigan, supra.

These decisions of the Courts of Civil Appeals for the Fourth and Fifth Districts, respectively, proceed upon the theory that the general judgment in favor of plaintiff against the defendants adjudicates all matters pleaded in the cross-action as effectually, for all practical purposes, as though the judgment embodied an express finding thereon in a specific sum in favor of defendants, and then deducted that sum from the gross amount found for plaintiff. We think that reasoning is sound, although the form of such judgment is not commendable.

In some of the foregoing cases Linn v. Arambould, 55 Texas, 611, and Texas & Pacific Ry. Co. v. Ft. Worth Street Ry. Co., 75 Texas, 82, 12 S. W., 977, are cited in support of the strict construction and holding above mentioned.

It must be conceded that certain expressions of the Commission of Appeals in the *Linn Case* tend that way. But we do not attach much importance to that case, in considering the question before us, because the judgment of the trial court therein recited that the decree in that cause cancelling the deeds should be held in abeyance until that court should determine the amount of purchase money paid by defendants, and that a new trial had been granted for that purpose. The judgment upon which the appeal in that case was based was, therefore, clearly not a final judgment; but that case and this are obviously and essentially

different on the facts. Moreover, much of the discussion of principles in the Linn Cases tends to support the more liberal rule of construction.

In the Railway Case, supra, this court, citing and following the *Linn Case,* dismissed the appeal, holding that the judgment of the trial court was not final; but that judgment was one wherein, at plaintiff's request, its application for an injunction was dismissed, at its cost, leaving entirely undisposed of the defendant's plea in reconvention for damages for wrongfully suing out the injunction; so that case is not in point.

In Rackley v. Fowlkes, 89 Texas, 613, this court held: "The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

Davies v. Thomson, 92 Texas, 391, was a suit by the heirs of Thomson, deceased, against the heirs and administrator of Davies, deceased, for recovery of one-half of certain real and personal property held and controlled by Davies at the time of his death, and one-half of all increase and gains in said property since his death, and one-half of all money received from sales of any of said property since that time. If the allegations of the petition were true, plaintiffs were entitled to recover everything sued for by them. The jury found simply "for the plaintiffs in the sum of fourteen thousand dollars." The court entered judgment accordingly. Upon appeal, this question was certified to this court: "Is the judgment a final judgment from which an appeal may be taken? The contention is that the verdict and judgment should have in terms made some disposition of the real estate." In answering said question this court quoted approvingly the foregoing excerpt from its opinion in the Rackley Case, and added: "The proposition there announced was directly involved in the decision of that case, and is decisive of the question certified. The judgment, in our opinion, should be construed to mean that the plaintiffs recover of the defendants the sum of $14,000 and costs, and that they are to take nothing more either in the property claimed or in money.· We answer the question in the affirmative."

The principle which controlled the last mentioned two cases is, we think, applicable in great measure to this case.

The rule is thus stated in Freeman on Judgments, sec. 279, and note 1:

"There is no doubt that if a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, became *res judicata.* It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there were an express finding against it." Wright v. Salisbury, 46 Mo., 26; Nave v. Wilson, 33 Ind., 294; Howe v. Lewis, 121 Ind., 110, 22 N. E., 978; Stevens v. Miller, 13 Gray, 283; Worrell v. Smith, 6 Col., 141; Rueggar v. Indianapolis, etc., R. R. Co., 103 Ill., 449. Nor is it material that the evidence to support a set-off was

excluded because insufficient.   Green v. Sanborn, 150 Mass., 454, 23 N. E., 224.

We feel constrained to hold that the judgment of the trial court, although irregular and imperfect in form, is sufficient to support the appeal. · However, we feel impelled to say, also, that we think that, as a matter of practice, and to avoid confusion, every final judgment should plainly, explicitly and specifically dispose of each and every party to the cause and of each and every issue therein presented by the pleadings.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

*Reversed and remanded.*