HOUSTON TRANSP. CO. et al. v. TEXAS CO. (No. 7199.)

(Court of Civil Appeals of Texas. Galveston. May 1, 1916. Rehearing Denied May 25, 1916.)

APPEAL AND ERROR ⬥➡66 — GROUNDS OF APPELLATE JURISDICTION—FINAL JUDGMENT BELOW.

No appeal will lie to the Court of Civil Appeals, where there has been no final judgment in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 329–331, 335–343; Dec. Dig. ⬥➡66.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by the Texas Company against the Houston Transportation Company and others, in which the defendant files a counterclaim. From a judgment for plaintiff, defendants bring error. Appeal dismissed for want of jurisdiction.

T. J. Lawhon, of Houston, for defendant in error.

LANE, J. The appellee the Texas Company brought this suit against the Houston Transportation Company and J. G. Tod, to recover upon eleven promissory notes executed and delivered by the Houston Transportation Company to appellee, and indorsed in

blank by J. G. Tod. J. G. Tod answered and averred that, if he was liable on said notes, he was only liable as indorser, and prayed that he have judgment over and against his codefendant for the amount of such judgment as may be rendered against him. The cause was called for trial on the 3d day of February, 1915, and thereupon all the parties agreed in open court that plaintiff's cause of action is predicated and based upon certain promissory notes, described in its petition; that said notes were executed and delivered to plaintiff by the Houston Transportation Company and John G. Tod, defendants; that said Houston Transportation Company is principal, and said John G. Tod is surety on said notes; and that plaintiff, the Texas Company, is entitled to have and recover of the defendants the Houston Transportation Company and John G. Tod, a joint and several judgment for the principal and interest due on said notes in the sum of $2,151.39, and that the defendants and each of them should take nothing on their cross-action or counterclaim filed in the suit. Said agreement is recited in the body of the judgment rendered. The cause was submitted to the court, without a jury, upon said agreement. Judgment was rendered by the court for plaintiff against both defendants, jointly and severally, for the sum of $2,151.39, and against defendants upon their cross-action; but no judgment was rendered in favor of the surety, John G. Tod, over against his codefendant as prayed for. From the judgment as rendered and entered, defendant Tod has appealed.

Appellee, by its attorney, T. J. Lawhon, has filed its brief in this court, wherein we find the following:

"We are not a partisan in taking the position that the judgment herein is not final and will not support this appeal. That we by inadvertence prepared judgment which, under the law, we feel cannot be upheld as final, is, to us, most regrettable.

"The court will note the judgment finds as a fact: 'That the defendants and each of them should take nothing on their cross-action or counterclaim filed herein.' And we were inclined to the opinion that this was a sufficient determination of all pleas and issues raised by the pleadings, but the Trammell-Rosen Case, 106 Tex. 132, 157 S. W. 1161, seems to settle this issue against us: 'To be final, the judgment should further contain the declaration of the court pronouncing the legal consequences of the facts found.'

"The judgment in this case finds, as a fact, that the defendants should take nothing on their cross-action and counterclaim, but the decree pronouncing the legal consequences of the facts is silent.

"Again, we sought consolation from that line of authorities which hold that a general judgment in favor of the plaintiff against the defendant by implication disposes of all questions raised by counterclaim or cross-action as much so as if expressly adjudicated in the judgment. This principle would be controlling here, if Tod were asserting a claim against the plaintiff; but such is not the case. He is asking relief against a codefendant, and, while the general judgment in favor of the plaintiff against Tod, by implication, determines and adjudicates all questions between them, it could by no analogy or reasoning be extended to a determination of claims asserted by and between the codefendants.

"We therefore have not been able to satisfy ourselves that the judgment herein is final. The authorities cited, together with the numerous cases cited in those opinions, contain practically all leading cases in this state on the proposition when a judgment is or is not final."

As appellant Tod has filed no brief in this court, and as there has been no final judgment rendered in the court below, and as no appeal will lie to this court from a judgment not final, this appeal is dismissed for want of jurisdiction.

Dismissed.