TAYLOR et al. v. MASTERSON et al.
(No. 6591.)

(Court of Civil Appeals of Texas. San Antonio. June 1, 1921.)

1. **Appeal and error ⟨key⟩66—No appeal except from final judgment.**

No appeal can be prosecuted from any other than a final judgment.

2. **Appeal and error ⟨key⟩80(1) — No order or decree not precluding further litigation is a "final judgment."**

For purpose of appeal, a judgment is only "final" when the whole matter in controversy is disposed of as to all the parties, and no order or decree which does not preclude further litigation is final.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

3. **Appeal and error ⟨key⟩80(1) — Judgment for plaintiff disposes of defendant's plea in reconvention or cross-action and is appealable.**

Under Rev. St. art. 1997, declaring that there can be but one final judgment in any cause except where otherwise specially provided by law, there cannot be final judgments on both plaintiff's original claim and defendant's plea in reconvention, a plea in reconvention or a cross-action being so much a part of the entire suit that, when judgment is rendered for plaintiff on his claim without mentioning defendant's plea, the judgment will be *held* to have disposed of such plea so as to be appealable.

4. **Appeal and error ⟨key⟩78(3) — Order sustaining demurrer to pleas held not a final appealable judgment.**

An order sustaining a demurrer and special exceptions to defendants' pleas in reconvention, followed by a decree reciting that defendants declined to amend and gave notice of appeal, and stating that "on motion of the defendants this cause is continued until next term of the court," was not a final judgment, but merely an interlocutory order or decree which the appellate court has no jurisdiction to review.

Appeal from District Court, Dimmit County; W. D. Love, Special Judge.

Trespass to try title by H. Masterson and others against J. S. Taylor and others. From an order sustaining a general demurrer and special exceptions to defendants' pleas in reconvention, defendants appeal. Appeal dismissed.

F. Vandervoort, of Carrizo Springs, for appellants.

N. A. Rector, of Austin, for appellees.

FLY, C. J. H. Masterson, and Ellen B. Ross, joined by her husband, J. O. Ross, instituted this action of trespass to try title to 640 acres of land, known as the John Cummings survey against the appellants, J. S.

Taylor, Ella G. Taylor, F. Vandervoort, the Nueces Valley Irrigation Company, Mrs. M. A. Hass, and her husband, Charles Hass. The Taylors opened up the pleadings in behalf of the appellants, by filing a plea consisting of about 16 pages of typewritten matter, which is denominated "Original Plea in Reconvention," and it is followed by pleas in reconvention of each and all of the other defendants, herein named as appellants, as well as by interveners, C. L. Bass, Jay C. Adams, Thomas M. Mills, Ellen Taylor Deutz, and Helen F. Reedy. The death of H. Masterson was suggested, and his heirs were made parties plaintiff. The court sustained a general demurrer and special exceptions to the pleas of appellants, and from that order this appeal has been attempted. After reciting that defendants declined to amend and gave notice of appeal, the decree states: "On motion of the defendants this cause is continued until next term of the court."

[1] With only a few exceptions specially provided for by statute, the rule is fixed and inexorable that no appeal can be prosecuted from any other than a final judgment. The reason for such a rule is the beneficent one of protecting courts and litigants from vexatious, frivolous, and interminable appeals from the numerous orders of a nisi prius court in the trial of causes. The wisdom of the rule has commended it to English and American courts for so long a time "that the memory of man runneth not to the contrary." Without the rule, and a strict enforcement of it, inextricable confusion, a vast amount of useless and unnecessary labor, a vast expenditure of money, indefensible consumption of time, and criminal delay in the preservation of rights or redress of wrongs, would inevitably result.

[2] There can be only one final judgment or decree in a case, and a judgment is only final when the whole matter in controversy is disposed of as to all the parties, and no order or decree which does not preclude further litigation is final. It is the last, the conclusive judgment, which settles all of the issues, as to all of the parties. Nothing more must remain to be done, if the judgment is a final one. As said by Mr. Freeman and cited with approval by the Supreme Court:

"A decree can never be final until the party in whose favor it is can obtain some benefit therefrom without again setting the cause down for further hearing before the court. * * *" Linn v. Arambould, 55 Tex. 611; Railway v. Smith County, 58 Tex. 74; Garza v. Baker, 58 Tex. 483; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Fort Worth Imp. Dist. v. City of Fort Worth, 106 Tex. 148, 158 S. W. 164, 48 L. R. A. (N. S.) 994; Kinney v. Telephone Co., 222 S. W. 227.

[3] The statute, article 1997, Rev. Stats., is positive in declaring that there can be

but one final judgment rendered in any cause except where it is otherwise specially provided by law, and it cannot be contended that the law has provided that where there is a plea in reconvention two final judgments will be permissible, one on the original claim and the other on the plea of the defendant. On the other hand, pleas in reconvention or cross-actions are considered to be so much a part of the entire suit that when a judgment is rendered for the plaintiff on his claim, without mentioning the plea in reconvention or cross-action, the judgment will be held to have disposed of such plea or cross-action. In the case of Trammell v. Rosen herein cited, the Supreme Court shows a conflict between different Courts of Civil Appeals on this subject, but holds that this court and the Court of Civil Appeals of the Fifth District were correct in holding as herein indicated. The Supreme Court said:

"These decisions of the Courts of Civil Appeals for the Fourth and Fifth Districts, respectively, proceed upon the theory that the general judgment in favor of plaintiff against the defendants adjudicates all matters pleaded in the cross-action as effectually, for all practical purposes, as though the judgment embodied an express finding thereon in a specific sum in favor of defendants, and then deducted that sum from the gross amount found for plaintiff. We think that reasoning is sound, although the form of such judgment is not commendable."

The answers in this case, if they set up any defense at all, would amount to no more than pleas of not guilty and a prayer to be quieted in their title, and it would be a judicial anomaly if there could be a final judgment on their plea and then one on the petition.

[4] The appeal will be dismissed because of a want of jurisdiction to review what was merely an interlocutory order or decree of the court.