Bob ROGERS, Appellant,

v.

Jon L. CARVAIN, Appellee.

No. 16681.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 19, 1965.

Andress, Woodgate, Richards & Condos and William Andress, Jr., Dallas, for appellant.

Curry & Curry, and Tim C. Curry, Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff Jon L. Carvain recovered a personal judgment against defendant Bob Rogers for the sum of $350.00, the amount which plaintiff had delivered to the defendant on a contract to purchase two antique chairs. There was further consideration due to be delivered upon plaintiff's acceptance of title and possession to the chairs, but plaintiff discovered at time for such acceptance that defendant had painted them—and thus rendered them unacceptable. Therefore plaintiff refused to consummate the contract and demanded the return of the $350.00 theretofore paid. It was to recover said payment that plaintiff brought his suit.

Defendant countered by pleading a case for specific performance of the contract

by plaintiff. Prayer in his cross-action was for the delivery of the balance of that consideration which the plaintiff had promised, and in the alternative for damages in the amount of $350.00 in the event plaintiff was unable to make specific performance.

The case was called for trial. Plaintiff and his attorney appeared and announced ready. According to the face of the judgment rendered in the case the defendant, "having been duly notified by mail through his attorney of record that this case was regularly set for trial on this date and hour, said notification having been confirmed by telephone with the office of defendant's attorney" came not and "wholly failed to appear". Plaintiff introduced evidence supporting the material allegations of his pleadings, upon which the trial court rendered judgment.

Within the period for which motion for new trial was allowable the defendant filed such a motion. A hearing was held with the attorneys for both parties being present. According to the trial court's Order Overruling Defendant's Motion for New Trial the same was entered by the court "after hearing all of the evidence, arguments and statements of counsel". No statement of facts was brought forward showing any evidence adduced upon such hearing and there was no bill of exception wherein any such evidence was embodied.

By the defendant's first point of error complaint is made that there was an abuse of discretion by the trial court in going to trial in the absence of defense counsel. In Strode v. Silverman, 217 S.W.2d 454 (Waco Civ.App., 1949, error refused), is stated the general rule: "Ordinarily, before a new trial will be granted upon that ground it is necessary for the complaining party to allege in his motion *and to submit proof upon a hearing thereof* showing that his failure to be represented at the trial was not due to his fault or negligence, or that of his counsel, and that he has a meritorious defense to the cause of action asserted against him." (Emphasis supplied.)

The record presented on appeal fails to show that the evidence introduced upon the hearing of the Motion for New Trial met this requirement. If a reversal be obtainable it is obligatory that the complainant discharge the burden of establishing facts which show that error exists. This burden has not been discharged. The point of error is accordingly overruled.

By another point the defendant insists that error exists because his cross-action for relief was not disposed of by the judgment, purportedly final, entered by the trial court. It is true that the cross-action is not mentioned in the judgment. However, we believe that the rendition of judgment for the plaintiff in this case includes by necessary implication the denial of the cross-action of the defendant. A judgment for rescission of the contract and a return to plaintiff of the amount of consideration delivered thereon (or a personal judgment against defendant for the amount in cash representing such consideration) necessarily implies a denial of contradictory relief in the form of specific performance of the same contract. That being true the point of error is overruled as without merit for the judgment is to be treated and considered as though the relief for which defendant prayed was specifically denied. 3 Tex.Jur.2d 356, "Appeal and Error—Civil", § 89, "Counterclaims and cross actions"; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161 (1913).

Defendant also contends that the evidence upon which the judgment was rendered was not supported by the plaintiff's pleadings. Examination of the statement of facts in light of the presentation made by defendant's brief discloses that plaintiff merely failed to introduce evidence relative to that additional performance due from him to the defendant in the event the contract had been consummated, or might be due from him to the defendant

in the event the trial court ordered specific performance  Considered as a variance between plaintiff's pleading and evidence it would be upon matter which was wholly immaterial since the court rendered judgment for the plaintiff.

Judgment is affirmed.