## SOUTHWESTERN SEWER CO. v. MORRIS et ux.

### No. 3361.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1930.

Rehearing Denied March 26, 1930.

C. C. Small, of Wellington, for appellant.
J. Farris Fish, of Matador, for appellees.

HALL, C. J.

This case was tried at a special term of the district court of Motley county, which ended the 6th day of September, 1929. From a judgment against the sewer company in the sum of $1,393, it prosecutes this appeal.

▇ The clerk fixed a probable amount of costs in this court and in the Supreme Court at $150. The supersedeas bond is in the sum of $3,100, which amount is $86 less than double the amount of the judgment and probable costs of appeal.

The appellees have filed a motion in this court to dismiss the appeal because the bond was not filed within the time required by the statute.

Article 2253, R. C. S., as amended by the Acts of the Fortieth Legislature, p. 21, c. 15, § 1, provides that an appeal must be allowed by giving notice of appeal in open court and by the appellant "filing with the clerk" an appeal bond, etc. Fly, C. J., said in M., K. & T. Ry. Co. v. Jordan (Tex. Civ. App.) 2 S. W.(2d) 312, 314:

"The law is that the appeal bond shall be 'filed with the clerk,' and appellant had performed its duty when the bond was 'filed with the clerk' within the legal period of time, and it cannot be deprived of the right of appeal by a failure of the clerk to perform the clerical act of placing his file mark on the bond as soon as he approved it, on December 7, 1926. The bond was filed by appellant when

it was placed in the hands of the clerk for approval and filing."

In reply to the appellees' motion to dismiss the appeal, the appellant has filed an answer, verified by its attorney, from which it appears that appellant executed and tendered the above-described bond to the clerk of the trial court; that it was sent to the clerk on the 20th of September, after the court had adjourned on the 6th of September; that on the 23d of September, appellant's attorney, who resided at Wellington, called the clerk by long distance 'phone and was advised by the clerk that the bond had been received, but had been tendered to the attorney representing appellees for his approval. The clerk, however, assured appellant's attorney that the bond was sufficient in every respect, and that the amount fixed for costs was sufficient, and further assured appellant's attorney that, in the event the bond was not approved, he would be called by long distance 'phone on the following day, so that any objections to the bond might be removed. It is further stated that the clerk did not call appellant's attorney on the following day, nor at any time, but on the 25th of September returned the bond to appellant's attorney, stating that it could not be approved.

The record shows that said attorney then caused another bond, which is sufficient in all respects, to be tendered to the clerk. Both bonds appear in the transcript.

We think the motion to dismiss should be overruled. The facts set up in the verified answer have not been controverted by the appellees, and they reveal circumstances which show that the appellant is entitled to prosecute the appeal upon the bond "filed with the Clerk" within the statutory period. The statute makes it the duty of the clerk to approve the bond, and there is no authority for submitting it to the appellees' attorney for his approval or disapproval. Having been assured by the clerk that she thought the bond was sufficient in all respects and would be approved, and that, if it was found to be insufficient, he would be notified later by long distance 'phone, the appellant's attorney, who resided about seventy-five miles from Matador, and who failed to receive any notification that the bond would not be approved, was justified in relying upon the assurance of the clerk, especially in view of the fact that on October 4th the clerk informed appellant's attorney that appellees' attorney had held the original bond until September 25, 1929, before raising any objections to it. We therefore overrule the motion to dismiss, and the first bond will be held to have been filed in time.

■ A bond which is not sufficient in amount may be amended. Jurisdiction is not dependent upon a sufficient bond. The filing of a defective bond perfects an appeal and gives this court jurisdiction. The motion to dismiss is overruled, and the appellant will be given twenty-five days in which to file an amended bond in this court.

This is a suit filed by Morris and wife to recover damages for alleged depreciation in the market value of one hundred acres of land owned by them near the town of Matador. They allege that appellant maintains and operates a sewer disposal plant near their premises, and in their original petition they prayed that a writ of injunction issue at once, restraining the defendant from maintaining and keeping the plant in its present location, and restraining it from permitting the drainage and overflow to pass onto or over any of the lands of plaintiffs, etc., and that upon final hearing the injunction be made permanent.

By a first amended original petition they prayed for a permanent injunction restraining the defendant from operating the plant in its present location; that defendant be ordered to remove the same to a place where it will not damage the plaintiffs and for damages and costs of suit. By an alternative plea they prayed that, in the event the operation of the plant is not permanently enjoined, and defendant is not required to move the same, then that they have judgment against defendant for their damages in the sum of $6,000, interest and costs.

Based upon a verdict of the jury assessing the damages, judgment was rendered against appellant in the sum of $1,393, with interest from date and awarding a permanent injunction restraining the defendant from permitting the drainage and overflow of the plant to run onto and over plaintiffs' premises, but denied the plaintiffs' prayer for an injunction restraining the maintenance and operation of the plant.

■ It will be seen that the court, in restraining the appellant from permitting the overflow from the plant to run over and across plaintiffs' land, has granted relief not prayed for in the amended petition. Such relief was included in the prayer of the original petition, but was omitted from the relief prayed for by the amended pleading. The rule is settled that in injunction proceedings no relief can be granted which is not specifically prayed for by the applicant, and a judgment which grants relief not included in the prayer and specifically asked for is not supported by the pleadings. This presents fundamental error. Yellow Cab & Baggage Co. v. City of Amarillo et al. (Tex. Civ. App.) 20 S.W.(2d) 855, and authorities cited.

In view of another trial, we will briefly discuss the contentions urged in appellant's brief:

■ The first proposition is that the court erred in assuming that the hundred acres of land was, in fact, owned by the appellees, be-

314

cause it is asserted there is no evidence showing title or ownership.

It is true that no deed conveying the premises to appellees was introduced in evidence. It was not seriously contended that they did not own the property. Their evidence shows that it was their home at the time of the alleged injuries, and that they had resided on it, and been in possession of it, for more than ten years. Possession of land is prima facie proof of ownership, and, while it raises only a presumption, when the action is not one involving the question of title, proof of possession is sufficient. Allen v. Vineyard (Tex. Civ. App.) 212 S. W. 266; Western Union Telegraph Co. v. Hearne, 7 Tex. Civ. App. 67, 26 S. W. 478; Campbell v. Peacock (Tex. Civ. App.) 176 S. W. 774, 777; ' Missouri Pacific Ry. Co. v. Cullers, 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542.

■■ If upon another trial the testimony should raise the issue of only temporary injury, then the plaintiffs' measure of damages would be the market rental value during the continuance of the nuisance, and, if the evidence further tended to show that, by proper management and operation, the disposal plant will not prove to be a permanent nuisance, then the court should submit issues determining the measure of damages incident to a temporary injury. City of Austin v. Bush (Tex. Civ. App.) 260 S. W. 300; Boyd et al. v. City of San Angelo (Tex. Civ. App.) 290 S. W. 833.

■ By proper objections to the charge, appellant called the trial court's attention to the defect in the charge in that issues submitting the question of damages incident to temporary nuisance were not included, and, even though it be admitted that the requested special issues were not correct, error can be assigned upon the failure of the court to submit correct issues. G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

■■ We sustain the appellant's third proposition to the effect that the failure of the jury to answer the third special issue rendered the verdict incomplete. This issue is: "Will such odors, gases, fumes, or vapors, if any, as come from said sewer plant, continue to be such as will disturb or annoy persons of ordinary sensibilities of smell so long as the plant is located as it is now located?"

An answer to this issue would have the effect of determining the amount of damages, as well as upon the material issue of whether the injunction should be made permanent. The plaintiff C. W. Morris testified that he had no sense of smell, but that, when his wife complained of the disagreeable fumes and odors from the plant, he "felt bad." It

does not appear whether he felt bad as the result of his wife's complaints or in consequences of the odors. In either event, the testimony was improper, and the objection to it should have been sustained, unless the witness showed that by feeling bad his physical health was injured as a result of the odors.

For the reasons stated, the judgment is reversed and the cause remanded.