## BUSHNELL v. HOLTERMANN.

### No. 8498.

Court of Civil Appeals of Texas. San Antonio.

### Nov. 26, 1930.

Sidney P. Chandler, of Corpus Christi, for plaintiff in error.

E. L. Coleman, of Corpus Christi, for defendant in error.

SMITH, J.

This cause was tried by the court below without a jury and in the unexplained absence of plaintiff in error, who, as defendant, had timely filed his answer to the plaintiff's petition. From an adverse judgment plaintiff in error prosecutes writ of error. No statement of facts accompanies the record here.

The statement of the cause of action asserted in defendant in error's trial petition, being commendably brief, will be copied:

"That heretofore, on the various dates between December 5, 1927, and January 25, 1928, this plaintiff performed certain labor and furnished and delivered to and for the use of defendant certain materials for and at the special instance and request of defendant, and for his benefit, at and for the usual and reasonable prices therefor in like cases; and that defendant promised and agreed to pay for the same the charges made therefor, as aforesaid, the aggregate balance thereof amounting to the sum of $397.41, the same to be paid on the completion of the labor and furnishing of the materials, on demand, and that said labor has been performed and materials furnished and delivered, and demand has been made of defendant for the prices so charged therefor, but that defendant has failed and refused, and still fails and refuses to pay for the same or any part thereof.

"That in the alternative, if plaintiff is mistaken in alleging that defendant expressly promised or agreed to pay for the same, or any of the same, then he alleges that by reason of the premises defendant is bound and obligated in law to pay to this plaintiff therefor, in the sum aforesaid.

"That an itemized statement of such labor and material is attached hereto, made a part hereof, and marked Exhibit 1.

"That demand, aforesaid, was made upon defendant for the payment of said debt more than thirty days prior to the filing of this suit, and that by reason of his failure to pay the same, and plaintiff was obliged to file this suit for the recovery thereof, this plaintiff is entitled to recover of defendant, in addition to his said claim of $397.41, the sum of $20.00 as attorney's fees in behalf of his attorney of record herein."

Neither the petition nor the annexed itemized statement was verified by affidavit, and therefore the declaration cannot be considered as upon open account. It was but a succinct averment of a simple cause of action upon an agreement whereby one party furnished another certain labor and materials at specified agreed prices aggregating $397.41, or, in the alternative, upon an implied agreement having the same effect. The petition was clearly good as against the general demurrer.

It is urged by plaintiff in error that the itemized account annexed to the petition was inconsistent with the allegations in said petition, in that it was shown that the labor and materials in question were furnished by defendant in error to third parties, for whom plaintiff in error was not responsible. There is no merit in this contention.

It is suggested by plaintiff in error, although no error is assigned thereon, that the judgment should be reversed because it does not dispose of a cross-action set up by plaintiff in error below. The question, being jurisdictional, must be noticed, though not assigned. It appears that, in addition to an answer upon the main case, plaintiff in error alleged that defendant in error wrongfully sued out a writ of garnishment against one of the former's debtors, thereby impounding a fund which plaintiff in error should have and otherwise would have collected and used in his affairs, whereby he was injured in his credit and damaged by loss of time. No disposition of this cross-action was expressly made in the judgment below. This cross-action rested upon the premise that plaintiff in error did not owe the debt sought to be secured by garnishment, and here sued on and recovered; that, as defendant in error was not entitled to recover the account, he had no right or cause to garnishee plaintiff in error's funds in the hands of his debtor. In other words, plaintiff in error could recover upon his cross-action only by showing that he did not owe the account here sued on. We conclude that the finding of the trial court that plaintiff in error did owe the debt, and that defendant in error was entitled to recover of him the amount thereof, was an implied finding against him upon his cross-action.

Of course, the better practice requires that all parties and questions involved in a law-

suit be expressly disposed of by judgment, and usually such express disposition is essential to the finality of such judgment.

■ But where, as in the judgment in this case, the express disposition of the main case has the effect of disposing of the cross-action by necessary implication, the judgment will be regarded as final, though not specifically stating that the cross-complainant take nothing. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Dallas Ry. & Terminal Co. v. Sutherland (Tex. Civ. App.) 27 S.W.(2d) 830, 831; Ware v. Jones (Tex. Civ. App.) 248 S. W. 429; Swan v. Price (Tex. Civ. App.) 162 S. W. 994. By this conclusion this court holds jurisdiction of the appeal.

The judgment is affirmed.