**GARZA et al. v. JENNINGS.**

No. 8684.

Court of Civil Appeals of Texas. San Antonio. Dec. 2, 1931.

Rehearing Denied Jan. 6, 1932.

Gibson & Blackshear and W. W. Winslow, all of Laredo, for appellants.

Spencer, Rogers, Lewis & Slatton, of San Antonio, A. R. Smith, of Laredo, and Lewis J. Wardlaw, of Fort Worth, for appellee.

SMITH, J.

This action was prosecuted by R. F. Jennings, as independent executor of the estate of J. D. Jennings, deceased, against Refugio Garza and about 140 others, to recover title and possession of certain lands in Zapata county. The suit was brought in the form of an action in trespass to try title in which the plaintiff set out a record title specifically, as well as title by limitations. The defendants below answered by general and special exceptions general denial, plea of not guilty, and pleaded especially their title to the land claimed by the plaintiffs. The action was brought by the plaintiff to recover four grants of land, and the trial court, without the aid of a jury, rendered judgment for plaintiff against all the defendants, as prayed for. Refugio Garza and certain other defendants, claiming title to only one of the grants, have appealed. None of the other defendants have appealed, and there is therefore no controversy in this court as to them or as to the three grants of land not here claimed by appellants.

The grant here in controversy is designated as the Cerrito Blanco grant, originally granted to Jose Manuel Pereda by the Spanish Crown on September 22, 1808. It would be a fruitless task to undertake to set out in this opinion the long and tortuous chains of record title under which the parties claim. It is perhaps sufficient to say here, that appellees recovered upon the five, ten, and twenty-five years' statutes of limitations (Rev. St. 1925, arts. 5509, 5510, 5519). For convenience, J. D. Jennings, appellee's testator, will be referred to as appellee in this opinion.

Appellants urged in the court below, and now urge in this court, that appellee's pleadings were subject to the general demurrer, and certain special exceptions presented by appellants and overruled by the court below. The general demurrer is urged upon the ground that the petition of appellee did not set forth his title as required in article 1977, R. S. 1925, it appearing, in this connection, that all of the appellants were cited by publication only, under allegations that their places of residence were unknown to appellee. We are of the opinion that the general demurrer was properly overruled, if appellee's claim of limitation title was well pleaded in his petitions. Those petitions included specially pleaded record title, and title by limitation as well. If either title was properly pleaded, the general demurrer would not lie, even though one of the titles was not well pleaded.

Inasmuch as the trial court rendered judgment in favor of appellee upon the finding that the latter had established title by limitation, the allegations and evidence relating to record title become immaterial, and the sufficiency thereof need not be determined here. We are of the opinion, further, that appellee's allegations as to limitations were sufficient as against demurrer.

In his plea of five years' limitation, appellee alleged in a trial amendment that during the statutory period he and those under whom he claims have had and held peaceable, continuous, and adverse possession of the land in controversy "under title and color of title, from and under the sovereignty of the soil, as is shown from the deeds, instruments and muniments of title as alleged in plaintiff's first amended original petition." Appellants contend that this plea was insufficient, because the specific instrument upon which appellee relies as a basis for his title is not specifically named and described in said plea. We overrule this contention. Appellee set forth in his petition a specific description of all the deeds and other instruments, including that upon which they relied and put in evidence in support of the limitation title. We do not understand that it was further incumbent upon appellee to single out and specifically name the one particular instrument upon which he relied as a basis for his limitation title. He did list that particular instrument among those specifically described in his pleading, and we think this was sufficient to

meet the requirement in the statute that he "set forth" his title.

Besides, at the time the cause was tried and the pleadings tested, the act requiring parties to set forth their title had been superseded by an amendment eliminating that requirement. Acts Reg. Sess. 42nd Leg., c. 213, p. 363 (Vernon's Ann. Civ. St. art. 1977). It is probably true, as appellee contends, that as this is a procedural statute it operated upon this action as soon as it became effective generally. 36 Cyc. pp. 1215, 1216; Odenthal v. State, 106 Tex. Cr. R. 1, 290 S. W. 743; Ref. Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131. We conclude that appellants' general and special exceptions were properly overruled, and their propositions 3, 6, 7, 8, 9, and 10 thereunder are overruled.

In their second, third, fourth, and fifth assignments of error, appellants complain of the overruling of their special exceptions to appellee's petition, in which it was asserted that said petition showed a misjoinder of causes of action. We overrule those assignments. Even if there was technical error in the ruling complained of, which is doubtful, the error becomes immaterial, in the absence of any showing or complaint that appellants were injured thereby.

In their 10th and 11th assignments of error appellants contend that the specific instrument upon which appellee based his limitation title was shown to be a forgery, and therefore was not available to appellee in support of his claim of such title. The record showed a variance between a compared copy of the instrument in question and the certified copy thereof put in evidence. From the evidence adduced concerning this apparent variance, and his findings of fact thereon, the trial judge concluded as a matter of law that the original instrument effectually conveyed the land to appellee's predecessor in title, and that the inaccuracy in the certified copy, being unintentional, was not in law a forgery. We conclude the evidence supported the trial court's findings and conclusions, and therefore overrule appellants' 10th and 11th assignments of error, and proposition 11 based thereon.

Appellants attack the trial court's holding in favor of appellee upon his plea of limitation under the ten-year statute. They claim that the trial judge's findings of fact upon the issue of possession and use under said plea were against the evidence. There appears to have been a mass of testimony upon these issues, and we conclude that there was evidence sufficient to warrant the findings thereon. This question is raised in appellants' thirteenth assignment of error and twelfth proposition thereunder, both of which are overruled. In their statement under this proposition, appellants do not undertake to set out any of the testimony upon which they rely, or give any record references to such testimony, but simply state their conclusions as to what the evidence as a whole shows upon these issues. This statement is not sufficient to support the proposition.

Appellants contend in their fifteenth and sixteenth assignments, and thirteenth and fourteenth propositions, that there was a break in the possession of the lands by appellee and his predecessors, thereby destroying the continuity of possession required to support title by limitation under the twenty-five years' statute. It is contended by appellants that the record conclusively shows that after acquiring title and possession of the land appellee sold and conveyed it to the Barse Live Stock Commission Company in October, 1903, which company reconveyed it to appellee in April, 1915; that during that two-year period the commission company, owners of the title during that period, took and maintained no sort of possession of the land, whereby continuous possession required by the statute was interrupted, and appellee's alleged twenty-five-year tenure destroyed. It is conceded that during said two-year period appellee, himself, retained possession of the property to the exclusion of his vendee, the commission company. The trial court found upon sufficient evidence, however, that the transaction by which appellee conveyed the land to the commission company was not in fact a sale, but was only a pledge of the property to secure a debt to the company. We conclude that the effect of this express finding, with related implied findings, was that appellee's possession, which was not interrupted in fact by said transaction, was thereby continued, in effect, as a matter of law. We overrule the assignments and propositions mentioned. Appellants' remaining propositions 15, 16, 17, and 18 present questions already herein disposed of, and are accordingly overruled.

The judgment is affirmed.

### On Motion for Rehearing.

It appears that it was erroneously stated in the original opinion that "the record showed a variance between a compared copy of the instrument in question and the certified copy thereof put in evidence." The latter certified copy appears to have been of the original instrument, and not of a translation thereof. The erroneous statement would seem to be immaterial, but, in deference to appellants' complaint thereat in their motion for rehearing, it will be corrected in the original opinion. With that correction, appellants' motion for rehearing will be overruled.