## DICKSON v. WAPLES–PLATTER CO.
### No. 3778.

Court of Civil Appeals of Texas. Amarillo.
Jan. 13, 1932.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Weldon F. Johnson, of Levelland, for appellee.

### JACKSON, J.

This is an appeal prosecuted by C. L. Dickson from the action of the district court in granting an injunction against him and W. E. White in favor of Waples-Platter Company, a corporation, and appointing a receiver to take possession of certain merchandise and fixtures in a store at Levelland, Tex.

Waples-Platter Company, the plaintiff, made application to the Honorable Clark M. Mullican, judge of the Ninety-Ninth district court, to secure injunctive relief and to have a receiver appointed; and in its petition for such relief alleged, in substance, that it was engaged in the wholesale grocery business, and that W. E. White had been engaged in the retail grocery business at Levelland, in Hockley county, Tex. That while so engaged at Levelland, the defendant White became indebted to plaintiff, for which he executed certain notes of date April 6, 1931; that there is still due on said notes a balance of $600, which amount is past due and unpaid. That, to secure the payment of said $600, the plaintiff has a valid and subsisting chattel mortgage, executed by W. E. White, against certain furniture and fixtures situated in the store at Levelland, Tex., but that the furniture and fixtures covered by the mortgage are secondhand and are worth much less than the amount of plaintiff's debt.

That about October 15, 1931, W. E. White, while still engaged in the retail grocery business as a merchant at Levelland, Tex., sold and transferred the whole of said stock of merchandise and the fixtures, upon which the plaintiff has a mortgage, to C. L. Dickson. That such sale was not made in the ordinary course of trade in the regular prosecution of business, and was made in violation of the Bulk Sales Law of this state. That im-

mediately after such sale, C. L. Dickson took possession of the property and began the sale of the merchandise at ruinous and sacrificing prices and has disposed of large portions of such merchandise, and, if permitted to continue such sales, would dispose of and secrete all of the remainder of such merchandise, which is alleged to be of the reasonable value of $1,000.

That both W. E. White and C. L. Dickson are wholly and notoriously insolvent, and the only security that the plaintiff and the other creditors of W. E. White have is the stock of merchandise and the fixtures in said store at Levelland, Tex.; and that this suit is brought for the plaintiff and for the use and benefit of all other creditors of W. E. White.

That the Honorable Homer L. Pharr, judge of the district court of Hockley county, Tex., is absent from his district in Fort Worth, Tex.; that he is inaccessible and cannot be reached in time to issue the necessary orders to prevent the further sale, secretion, and disposition of such merchandise, furniture, and fixtures, for which reason application is made to the Honorable Clark M. Mullican.

The plaintiff prays that the defendants be enjoined and restrained from selling or disposing of any of the remaining stock and fixtures; that a receiver be appointed to take immediate possession and control of such merchandise, furniture, and fixtures; and that C. L. Dickson be enjoined and restrained from interfering with the possession and control of such receiver, and, upon final hearing, the plaintiff have judgment against both of said defendants for its debt, the foreclosure of its mortgage, and such other and further relief, both general and special, in law and in equity, to which it may show itself entitled.

Plaintiff's petition was presented to the Honorable Clark M. Mullican, judge of the Ninety-Ninth district court of Lubbock county, Tex., in chambers, on October 18, 1931, who ordered that the clerk of the district court of Hockley county, Tex., issue a writ of injunction in all things as prayed for upon the execution of a bond in the sum of $1,000, with sufficient sureties, conditioned as the law requires, and that said writ be made returnable to the next regular term of the Seventy-Second district, in Hockley county, Tex. On the same day the judge of the Ninety-Ninth district appointed R. L. Lykes as receiver, with authority to take possession and control of the merchandise and fixtures situated in the store at Levelland, Tex., and to hold the same subject to the further order of the district court of the Seventy-Second judicial district of Hockley county, Tex., requiring that the receiver so appointed give bond in the sum of $1,000, conditioned as the law requires.

Plaintiff's petition was filed in the district court of Hockley county, Tex., on October 19, 1931, with the fiat of the judge thereon granting the injunction; together with the bond in the sum of $1,000; and on the same date, October 19, 1931, R. L. Lykes filed his receiver's oath and bond in the district court of Hockley county, Tex.

■ The appellant urges as error the action of the district court in granting the plaintiff a temporary injunction or restraining order, because the plaintiff did not specifically pray for the issuance of a temporary injunction or restraining order, and therefore the court was without authority to issue such order.

This assignment is sustained. Yellow Cab & Baggage Co. v. City of Amarillo et al. (Tex. Civ. App.) 20 S.W.(2d) 855, and authorities cited; Southwestern Sewer Co. v. Morris (Tex. Civ. App.) 26 S.W.(2d) 311.

■ The appellant also contends by sufficient assignments that there is no law authorizing the appointment of a receiver in a suit which has not been filed, and that in no event did the judge of the Ninety-Ninth judicial district court have jurisdiction to appoint a receiver in a cause of action where he had no jurisdiction over the property involved, as shown by the plaintiff's petition herein.

The record in this case affirmatively discloses that the judge of the Ninety-Ninth district court, in chambers, issued an order appointing a receiver on October 18, 1931, in a cause of action which was filed in the Seventy-Second district court on October 19, 1931.

"The power of the court to appoint the receiver proceeds from its jurisdiction of the cause and is an element of it." Lauraine v. Ashe et al., 109 Tex. 69, 191 S. W. 563, 565, 196 S. W. 501.

Article 4643, subd. 1, R. C. S., 1925, provides, in effect, that a nonresident district judge may, on a proper showing, issue a writ of injunction returnable to another court if the resident judge of the district is absent, sick, inaccessible, etc. Had appellee, in the prayer to its petition, specifically prayed for the issuance of a temporary injunction or restraining order, under its allegation that the resident judge was inaccessible, the nonresident judge would have been authorized under the statute to issue such temporary injunction or restraining order, and the jurisdiction thus acquired would doubtless have authorized the appointment of a receiver in the case by the nonresident judge. Woodward et al. v. Smith et al. (Tex. Civ. App.) 253 S. W. 847. But, under the prayer, the judge did not acquire jurisdiction to issue the restraining order, and we find no authority authorizing a nonresident district judge to appoint a receiver in a cause filed or to be filed in another district because the resident judge of such district is inaccessible.

Under this record, the judge was without jurisdiction to appoint the receiver because the suit had not been filed, and such action was erroneous. Solomon et al. v. Mathews et al. (Tex. Civ. App.) 238 S. W. 307.

The trial court in our opinion was without jurisdiction to issue the orders granting the relief sought, and the judgment is reversed and the cause remanded.