## THREADGILL et ux. v. FAGAN.
### No. 4070.

Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1933.

Rehearing Denied Nov. 15, 1933.

E. O. Northcutt, of Amarillo, for plaintiffs in error.

R. A. Wilson, of Amarillo, for defendant in error.

MARTIN, Justice.

Defendant in error, herein called appellee, filed a petition in two counts against plaintiffs in error, herein called appellants, who are husband and wife. The first was in trespass to try title for two lots in the city of Amarillo. The second count was upon an indebtedness of $555.55 evidenced by a note and alleged to be secured by a valid and subsisting lien on the same property described in the first count.

The petition, in substance and effect, alleges in its second count that this lien arose by virtue of certain payments made at the instance and request of appellants to take up amounts owing against said property and secured it by a valid vendor's lien and a valid paving lien and that certain payments therein set out were made to protect a prior lien held by appellee against said property. It is alleged that a $300 payment was made and a deed was executed, acknowledged, and placed in escrow in the bank to be delivered to appellee in case said $300 indebtedness was not paid by appellants according to the agreement. The petition further alleges the delivery of said deed. The prayer was for a judgment first for title and possession of said lots and in the alternative for his debt and for a foreclosure of "plaintiff's implied vendor's, tax and paving lien."

Appellants answered denying generally the allegations of the second count of said petition and pleading not guilty to the first count. They further pleaded specially that the deed placed in escrow was in fact a mortgage on their homestead and they pleaded specially the homestead character of the property at the time all the liens claimed by plaintiff came into existence, setting up appropriate facts in support of same. The appellants denominate this a cross-action, but it was in substance and effect mainly a defense based upon the claim of homestead, though there was a prayer for affirmative relief.

The trial was before the court, who adjudged that appellee recover nothing on his plea in trespass to try title, but that he recover of and from the appellant J. T. Threadgill the sum of $702.77, together with 10 per cent. interest from and after the 3d day of November, 1932, and further adjudged: "It is further ordered, adjudged and decreed by the Court that to the extent of $599.63 of this judgment, plaintiff is subrogated to and is the owner of valid and subsisting vendor's and paving liens against the following described property * * * said liens having been acquired by subrogation at various dates commencing about the 13th day of November, A. D. 1928, and continuing up and until the date of the filing of this suit." He further decreed a foreclosure on said property of said liens to the extent of the sum of $599.63 against both appellants.

We are met at the threshold of this case with the contention that fundamental error appears on the face of the record in that the above judgment does not in any manner dispose of the cross-action of appellants.

It does not in express terms do so, but if what is called a cross-action by appellants may legally be deemed such, still we think it clear that the judgment by necessary implication disposes of same. That a valid vendor's lien or paving lien by contract may exist against a homestead is, of course, well settled. The judgment granting a foreclosure of these liens necessarily implies that the court found the existence of valid liens and against the appellants' claim of homestead. The question is now definitely settled that such a judgment is final, though it may fail to specifically mention the cross-action. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Bushnell v. Holterman (Tex. Civ. App.) 32 S. W.(2d) 899; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229.

Another of appellants' contentions is presented by the following quotations from their brief: "By this proposition we present the point that when the plaintiffs in error answered in the case, setting up their defense and cross-action, all of which was duly verified and sworn to, the same not being controverted under oath by the defendant in error, it must be taken as prima facie truth."

The pleadings of appellants were verified. No verification appears to those of appellee and no exceptions appear to have been made to a lack of such verification, nor any point made of this in the trial court. There is no statute requiring the character of pleading filed by appellants to be sworn to. The statute pointedly settles the contention against appellants.

Article 2004, R. C. S. 1925, is, in part, as follows: "Whenever the defendant is required to plead any matter of defense under oath, the plaintiff shall be required to plead such matters under oath when relied on by him."

Aside from this, it is a rather anomalous proposition of law to assert or imply that a matter of this kind could be raised for the first time on appeal, even if defendants had brought themselves within the terms of the statute.

Many other propositions are copied in appellants' brief. To properly pass on these it is necessary to search out a cumbersome record for matters which might support them. Appellants' briefs on file here do not contain a single reference to either the transcript or statement of facts by page num-

ber. Nor is there a quotation from either of these. It is a difficult task at best for an appellate court to get from the printed pages of a record such a picture of the entire proceedings in the trial court as will enable it to intelligently pass on the legal controversies involved. Its task is greatly increased, as well as the chances of an erroneous holding, by a failure of litigants to support their respective contentions by appropriate references to the record. Nor do we think the recent legislative enactment pertaining to briefs (article 1757, R. S., as amended [Vernon's Ann. Civ. St. art. 1757]), can properly be construed to mean an entire abrogation of the long-established rule respecting this matter. This recent change is clothed in language not entirely clear, but a "statement" still seems to be required. The subject has recently received a somewhat exhaustive analysis by the San Antonio Court in the case of Bustamante v. Haynes (Tex. Civ. App.) 55 S.W.(2d) 137. See, also, Bradley v. Jones (Tex. Civ. App.) 38 S.W.(2d) 877, and Harper v. Allen (Tex. Civ. App.) 38 S.W.(2d) 146. Under our interpretation of article 1757, as amended by the Acts of the 42d Legislature (1931), c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757), we are under no duty to pass on appellants' remaining contentions. As illustrative of these, we quote literally proposition No. 5, with the statement under it.

"Fifth Proposition.

"The court erred in granting judgment in this case in favor of the defendant in error claiming as shown in the judgment that the liens required by subrogation from various dates commencing the 13th day of November, 1928, because the instrument referred to as of November 13, 1928, was nothing more than a mortgage which the evidence shows was paid, and the notes released, and when the note for $555.55 was taken it would have been necessary to take a new obligation or contract in order to create a new lien."

"Statement * * * under Fifth Proposition.

"By this proposition we present the point that no matter what the form may be the intention of the parties controls, and a mortgage is a mortgage regardless of the particular form used."

This is the entire statement made in support of appellants' fifth proposition. To properly appraise the merits of this contention, we must make a tedious and toilsome search through many pages of questions and answers, bristling with objections, arguments, and the usual bickering of counsel. Amidst a fog of verbosity, an appellate court is expected to find every tiny grain of evidence and sift and winnow it for the par-

ties and reach a conclusion free from error or mistake. We cannot believe the Legislature has intended to burden the appellate courts with a task almost impossible of accomplishment and which will necessarily retard and hinder the speedy administration of justice in the courts. We decline to assume this burden in the absence of a clear mandate from the Legislature or Supreme Court.

That no injustice may be done, and in view of the vagueness of the present law, we have examined the record sufficiently to be able to say that there is no merit in the contentions attempted to be made by appellants. The record sufficiently, but meagerly perhaps, supports the direct and implied findings of the court. The judgment contains special findings already set out.

The conclusion is inferable from the facts proven that: (1) A valid paving and vendor's lien existed against the property in controversy; (2) that appellee paid various sums on the indebtedness secured by these liens under such circumstances as would give rise to an implied agreement of subrogation. Banks v. Cartwright (Tex. Civ. App.) 26 S.W.(2d) 708; Williams v. Daniel (Tex. Civ. App.) 30 S.W.(2d) 711; Platte v. Securities Inv. Co. (Tex. Com. App.) 55 S.W.(2d) 551.

The judgment is affirmed.