**KASPROWICZ et al. v. TATE, Judge et al.**
**No. 10095.**

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1933.

Rehearing Denied Dec. 7, 1933.

Mathis & Mathis and Rosser Thomas, all of Houston, for relators.

Searcy & Hodde, of Brenham, for respondents.

PLEASANTS, Chief Justice.

This is an original proceeding brought by the relators for a writ of mandamus to compel the respondent Tate to set down for trial and proceed to judgment in a case on the docket of the district court for Washington county (No. 19500), in which the remaining respondents hereinafter named are plaintiffs or interveners, and the relators above named and the firm of Kasprowicz Bros., composed of John and Wallace Kasprowicz, are defendants.

The plaintiffs in the suit are Wallace Skweres and Rosa Przyborski, individually and as executor and executrix under the last will and testament of Albert Skweres, deceased, Wallace Skweres, Nestasia Stegent, joined by her husband, Vincent Stegent, Teodosia Bryzmialkiewiecz, joined by her husband, Pete Bryzmialkiewiecz, Rosa Przyborski, joined by her husband, Henry Przyborski, John Skweres, Mike Skweres, a minor, Henry Skweres, a minor, Regina Skweres, a minor, and Josephine Skweres, a minor, said minors suing herein by their next friend and guardian, John Skweres, as the sole surviving heirs of the original plaintiff, Albert Skweres, who are the answering respondents herein.

The suit was originally filed in the district court of Washington county by Albert Skweres as plaintiff against Kasprowicz Bros., a firm composed of Wallace Kasprowicz and John Kasprowicz, and against Wallace and John Kasprowicz, individually. The suit was based on a promissory note for $2,000 executed by Kasprowicz Bros. to Albert Skweres. The plaintiff also in said suit sought to have canceled a deed to two tracts of land described in the petition that was conveyed by John Kasprowicz to his wife, Jennie Kasprowicz, for the reason that said deed of conveyance was made for the purpose of defrauding the creditors of John Kasprowicz, one of whom was the plaintiff. The consideration named in the deed was $10 in cash and other valuable considerations, aside from love and affection.

The interveners in the suit are John Matelski, Vincent Stegent, Reichardt-Abbott Company, and Henry Przyborski. Each of the interveners claim an indebtedness against the firm of Kasprowicz Bros. for the several amounts stated in their respective petitions, and joined in plaintiffs' prayer for relief. (The writer has undergone both turmoil and mental distress in his effort to correctly copy from the pleadings and briefs of the parties the written names of the parties to this suit, and is truly thankful that he is under no duty or obligation to attempt to correctly pronounce these names.)

The answer of the defendants to plaintiffs' suit, in addition to a general demurrer, special exceptions, and a general denial, specially denies the allegations of plaintiff's petition that the deed made by him to his wife, Jennie, was not made in good faith but with intent to defraud his creditors, and avers "that the note herein sued on was an obligation, if any, upon the part of Kasprowicz Bros. made after the transfer of the land in question by John Kasprowicz to Jennie Kasprowicz with full knowledge upon the part of plaintiff of said transfer and *that plaintiff is estopped from questioning in any manner the title of the defendant, Jennie Kasprowicz to said land.

"Defendant John Kasprowicz for special answer herein alleges that the firm of Kasprowicz Bros. did execute about five years prior to the time of the execution of the note in question a note to plaintiff herein in some sum of which defendant is not informed.

"That a short time prior to the date of the assignment herein mentioned when said note was barred by limitation that defendant Wallace Kasprowicz and the plaintiff herein entered into a conspiracy to secure liability upon plaintiff's barred claim against defendant John Kasprowicz. That in pursuance of said conspiracy and while defendant Wallace Kasprowicz was wholly insolvent plaintiff herein secured the note herein sued upon from Wallace Kasprowicz, without the knowledge or consent of defendant, John Kasprowicz; that defendant John Kasprowicz alleges and believes that the note herein sued upon was in fact executed long after January 31, 1928, and was in fact executed shortly before the date of said assignment and dated back for more than a year previously in order to assist plaintiff and defendant Wallace Kasprowicz in fixing liability upon defendant John Kasprowicz; that such conduct upon the part of plaintiff and Wallace was a fraud upon the rights of defendant John Kasprowicz and the said John Kasprowicz should not be held liable upon said alleged note.

"For further special answer defendants say that the land in question had been deeded to defendant Jennie Kasprowicz, and plaintiff had knowledge of that fact prior to plaintiff's acceptance under the assignment and that plaintiff having accepted under said assignment with full knowledge that the land in controversy had been deeded to defendant Jennie Kasprowicz long prior thereto is estopped from claiming any interest whatever in said land."

He also answers each of the respective petitions of the interveners by a special demurrer and general denial, and specially pleaded that the several notes sued on by the respective interveners were, if ever executed, executed long after the dissolution of the firm of Kasprowicz Bros., and that the other member of the firm, Wallace Kasprowicz, had no authority to execute a note binding upon this defendant.

He further pleads the statute of two and four years' limitation in bar of the alleged indebtedness for which each of said notes was executed.

The defendant Jennie Kasprowicz made similar answer to that made by her husband, and specially pleaded that the land in controversy, which was conveyed to her by her husband on July 1, 1927, was deeded to her in satisfaction of a debt due her by her husband which was incurred in 1901, at which time she loaned her husband $300 which she had received from the estate of her deceased parents, and upon which he agreed to pay her interest at the rate of 6 per cent. per annum, and this obligation had been renewed from time to time up to the time of the conveyance of the land to her, and such conveyance was made in satisfaction and discharge of the principal and interest then due upon said indebtedness.

Upon the trial in the court below the following judgment was rendered:

"On this the 22nd day of September, A. D. 1932, at a regular term of said court, came on for trial the above numbered and styled cause, and all parties, plaintiffs, defendants and interveners, appeared in person and by their attorneys and announced ready for trial, and thereupon came a good and law-

ful jury of twelve men, to-wit: T. A. Adams, as Foreman, and eleven others, who being duly empanelled and sworn to try such cause herein; and thereupon the parties to this suit submitted to the court and the jury their pleadings and evidence, and thereupon the court instructed the jury to return a verdict in favor of the plaintiffs, which instruction of the court is as follows:

" 'Gentlemen of the Jury: You are instructed to return a verdict in this case in favor of the plaintiffs. J. B. Price, Judge.'

"And thereupon the jury, on September 23, A. D. 1932 (said cause having commenced on September 22 and concluded on September 23, A. D. 1932) considered of their verdict and returned into open court the following verdict:

" 'We, the jury, find for the plaintiffs as prayed for in their petition. T. A. Adams, Foreman.'

"It is therefore ordered, adjudged and decreed by the court that the plaintiffs (Here follows the names of the plaintiffs) do have and recover of and from the defendants, Kasprowicz Bros., John Kasprowicz and Wallace Kasprowicz, jointly and severally, the sum of Two Thousand Four Hundred Eighty Three & 30/100 ($2,483.30) Dollars, principal and interest, and $248.33 attorney's fees on the note sued upon herein with interest thereon from date hereof until paid at the rate of six per cent per annum, together with all costs in this behalf incurred and expended for all of which let execution issue in the terms of the law.

"It is further ordered, adjudged and decreed by the court that the deed executed by John Kasprowicz to his wife, Jennie Kasprowicz, on July 1, A. D. 1927, of the following described tracts or parcels of land in Washington County, Texas, having metes and bounds as follows, to-wit: (Here follows description of the land), be and the same is here now cancelled, annulled, set aside, held for naught, and declared void.

"When the above described lands and premises are sold under execution to satisfy the judgment herein rendered, it is ordered that the proceeds derived from such sale is to be applied to the payment in equal proportion on the judgment herein rendered in favor of the plaintiffs, and the claims held by the intervenors, Reichardt-Abbott Company, a corporation, Vincent Stegent, Henry Przyborski, and John Matelski of the partnership firm of Kasprowicz Bros., and John Kasprowicz and Wallace Kasprowicz, individually.

"The plaintiffs Vincent Stegent and Henry Przyborski were made party plaintiffs pro forma only, and as plaintiffs, it is ordered that they take nothing by this suit.

"J. B. Price, District Judge."

Relators appealed from this judgment, after their motion for new trial was overruled by the trial court.

The appeal was duly perfected to this court, and was thereafter transferred by the Supreme Court to the Waco Court of Civil Appeals. On March 30, 1933, after the appeal of relators had reached the Court of Civil Appeals of the tenth district and was pending on the docket of that court for hearing, that court, acting upon a motion to dismiss the appeal theretofore filed by relators, made and entered the following order:

"Came on for hearing Motion No. 2484, Cause No. 1437, entitled, John Kasprowicz et al., appellants, vs. Albert Skweres, appellee, from Washington County; appellants' motion to dismiss appeal, and the same being considered, because it appears to the court that due notice has been given to appellee herein of the filing of said motion and no opposition thereto having been filed, it is here ordered that the motion be granted and that the appeal be and is hereby dismissed; that the appellants John Kasprowicz and Jennie Kasprowicz, principals, and John M. Mathis, Sr., and L. D. McKaughan, sureties, pay all costs in this behalf expended and this decision be certified below for observance."

After the receipt of this mandate by the trial court, the relators, on June 6, 1933, obtained from the trial court a temporary injunction restraining the levy upon and sale of the land in controversy pending a final judgment in the cause. On September 13, 1933, the trial court dissolved this temporary injunction by an order made and entered in the minutes of the court. No appeal was taken by relators from this order of dissolution.

On September 13, 1933, relators filed a motion in the trial court to have the cause set down for trial. This motion was taken under advisement by Judge Tate, who is now the judge of the trial court, and, on September 18, 1933, the following order was made and entered thereon:

"The court finds as an affirmative fact that this cause was tried before a jury on September 22 and 23, 1932, in this court; that after said plaintiffs and defendants in said cause had submitted their pleadings, evidence and argument of counsel, the court instructed the jury to return a verdict in favor of the plaintiffs, which the jury did. Thereupon judgment was rendered by the court, and the judgment properly entered on the docket of the court and in the minute book of the court. From the finding of the jury and judgment of the court, John and Jennie Kasprowicz duly appealed to the Hon. Court of Civil Appeals, and said appeal was perfected. While the said cause was pending in the Court of Civil Appeals at Waco, Texas, John and Jennie Kasprowicz filed their motion to dismiss the appeal which was

granted by the Hon. Court of Civil Appeals on March 30, 1933. That said cause was disposed of and the motion for having said cause set for trial is not well brought.

"It is therefore ordered, adjudged and decreed by the court that the motion filed herein be and the same is denied.

"It is further ordered that the officers of this court have their execution against John Kasprowicz and Jennie Kasprowicz for all costs in this behalf incurred and expended, for which they may have their execution."

We cannot agree with relators that the record in this case presents any sufficient ground for the issuance by this court of the extraordinary writ of mandamus to compel the trial court to set this case down for retrial and to proceed with such trial to a final judgment in the case. The general rules governing proceedings of this kind are thus stated in Ruling Case Law, one of our leading and most valuable text-books:

In Vol. 18, Ruling Case Law, p. 132, § 45, it is said: "In order to bar the issuing of the writ it is not necessary that the other remedy be available at the time of applying for the mandamus, but if the petitioner had a clear legal remedy, adequate to enforce its rights, of which he failed to avail himself and which he lost through his own neglect, the writ will not lie."

Again on page 133, § 46, of the same book, it is said: "It is a general rule that the extraordinary remedy of mandamus cannot be resorted to in a civil proceeding to subserve the purpose of an appeal from the decision of a board or tribunal to review its action, this is ordinarily deemed an adequate remedy so as to preclude the issuance of a mandamus to coerce such tribunal in respect to such matters, and the same is held true where the matter may be reviewed on writ of error."

The judgment from which the appeal was prosecuted is very inartistically expressed, and, while its vagueness would authorize and might require its reversal, and the remanding of the cause for a new trial, we are not prepared to hold that it is a void judgment, incapable of execution.

No such attack was made on the judgment in the motion for new trial presented by relators in the trial court. We think the judgment does by reasonable construction dispose of all the parties and all the issues in the suit. It is true that the amounts claimed by each of the interveners are not set out in the judgment, but these amounts are clearly stated in the pleadings, and by necessary implication this trial record may be read into and become a part of the judgment. Medearis v. Buratti (Tex. Civ. App.) 275 S. W. 617, 618.

This judgment expressly adjudges that plaintiffs are entitled to recover from the firm of Kasprowicz Bros. and the individual members thereof, Wallace Kasprowicz and John Kasprowicz, the relators herein, jointly and severally, the specific sum of money for which the plaintiffs sued, and further adjudges that the deed executed by defendant John Kasprowicz to his wife, Jennie Kasprowicz, for the lands described therein, be canceled and declared void. These were the primary issues raised by the pleadings of plaintiffs and defendants. Other issues were raised by the pleadings of the defendants. But the court refused to submit the issues to the jury and instructed the jury to find for the plaintiffs. Manifestly the court erred in refusing to submit the issues of limitation and of good faith in the transfer of the land by John Kasprowicz to his wife, Jennie, if these issues were, as appears from the statement in relators' brief, raised by the evidence.

But this error, while it would require a reversal of the judgment, would not render the judgment void.

That portion of the judgment, which adjudges and decrees that, when the lands sought to be held liable for the debts of the partnership are sold under execution issued upon this judgment, that the proceeds accruing from such sale are to be applied in equal proportions to payment of the judgment before rendered in favor of plaintiffs, and the claims held by interveners, Vincent Stegent, Henry Przyborski, Reichardt-Abbott Company, and John Matelski (of) the partnership firm of Kasprowicz Bros., and John Kasprowicz and Wallace Kasprowicz, can, when interpreted in connection with the pleadings and record before set out, only be construed as a judgment in favor of the named interveners for their respective claims against the firm of Kasprowicz Bros. When the whole record is considered, the word "of" in this judgment is manifestly erroneously inserted in lieu of the word "against," and should be construed as a judgment in favor of the interveners against the relators herein for the respective amounts claimed by said interveners.

As we have before said, while the attacks made upon this judgment it seems to us are amply sufficient to cause its reversal, we cannot hold that it is a void judgment. We think the following cases sustain our conclusion that the judgment is not void: Stockwell v. Melbern (Tex. Civ. App.) 168 S. W. 405; Swan v. Price (Tex. Civ. App.) 162 S. W. 994; Hermann v. Allen, 103 Tex. 385, 128 S. W. 115; Bushnell v. Holterman (Tex. Civ. App.) 32 S.W.(2d) 899, 900.

The Court of Appeals for the tenth district did not so hold in granting the motion

of relators to dismiss the appeal for want of jurisdiction, but expressly declined to pass upon that question, and treated the motion only as a request of appellants to dismiss their appeal, and granted the motion without any objection from any of the parties. We have no doubt that, if relators had objected by motion for rehearing to the dismissal of their appeal upon any ground other than the one stated in their motion, the court would have passed upon the question of whether the judgment was void.

It may be that this question can yet be raised by suit for injunction to prevent the sale of the lands, but we cannot bring ourselves to believe that relators can now avail themselves of the remedy of mandamus sought in this proceeding.

The application for mandamus is denied.