## TRADERS & GENERAL INS. CO. v. PATTON.

### No. 4421.

Court of Civil Appeals of Texas. Amarillo. March 2, 1936.

Rehearing Denied April 6, 1936.

Nelson Scurlock and Lightfoot & Robertson, all of Fort Worth, Will R. Saunders, of Amarillo, and Wm. Jarrell Smith, of Pampa, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JACKSON, Justice.

This suit was instituted in the district court of Hutchinson county by plaintiff, Traders & General Insurance Company, against the defendant, R. L. Patton, to set aside the decision of the Industrial Accident Board awarding defendant compensation for alleged injuries he claimed to have received on March 10, 1932, while in the employ of J. M. Huber Company of Louisiana, Inc.

No complaint is made of the sufficiency of the pleadings, and we deem it sufficient to state that the defendant, by way of cross-action, alleged that on March 10, 1932, while engaged at $4 per day as a carpenter's helper by the J. M. Huber Company at its carbon black plant in Hutchinson county, he was directed to assist in removing from a press room of the company burning carbon black which was giving off in such room carbon monoxide, carbon dioxide gas, sulphur dioxide, carbon dust and smoke, which composed poisonous and deadly fumes. While he was engaged in assisting in removing such burning carbon black, he inhaled large quantities of such poisonous fumes and gases, and the tissues, membranes, blood vessels of his lungs were injured, inflamed, and irritated, causing them to bleed and destroying the normal functions thereof so that the red corpuscles of his blood did not unite and combine with the oxygen of the air; that a fibrous condition of the lungs followed, his heart action was impaired, pneumonia developed, and the injuries sustained totally and permanently disabled him from the performance of labor.

In answer to the defendant's cross-action, the plaintiff filed a general demurrer, general denial, and alleged that, if the defendant was confined to the hospital on account of pneumonia or any other disease or injury, such condition was not brought about or induced by the inhalation of gas or fumes from the burning of carbon at the carbon black plant of the plaintiff.

In response to special issues, the jury found in effect that the defendant sustained an injury on or about the 10th day of March, 1932; that at the time he was an employee of the J. M. Huber Company of Louisiana, Inc., and the injuries were sustained in the course of his employment; that he had been totally incapacitated to perform labor on account of such injury, and that such total incapacity was permanent, and he was entitled to a lump sum settlement; that employees engaged in similar employment in the same neighborhood for substantially the whole of a year had received an average daily wage of $4 per day; that J. M. Huber Company, on the date of the injury, carried compensation insurance with plaintiff for the benefit of its employees; that the defendant's disability was not due solely to natural diseases existing prior to March 10, 1932, and was not caused solely by an occupational disease; that his incapacity was not caused by pneumonia contracted independently of the injuries sustained, and his incapacity was not due solely to natural diseases existing prior to March 10, 1932; that he was not suffering from heart disease prior to the date of the injury, and the condition of his heart prior to said date was not the sole

producing cause of his incapacity; that he inhaled carbon monoxide gas on March 10, 1932, as alleged; and that his disability was not caused solely by the use of a drug known as digitalis.

Appellee obtained judgment for $5,061.-98 to be paid in a lump sum.

The appellant in its brief on the original submission challenged as error the action of the court in refusing to give its requested issues submitting whether or not appellee was suffering from partial incapacity, the time such partial incapacity began and the percentage thereof, and the number of weeks it would continue.

In special issue No. 4 the court submitted to the jury whether or not the appellee was totally incapacitated by the injury, and in issue No. 5 whether such total incapacity was permanent, both of which issues the jury answered in the affirmative.

The appellant asserted that immediately preceding question No. 8, in which partial incapacity was submitted, the court instructed the jury as follows: "If you have answered Question Nos. 4 and 5 'yes,' then you need not answer this question; but if you have answered either question No. 4 or 5 'no,' then you will answer this question."

The record did not and does not support this contention. The transcript discloses that, following issues Nos. 4 and 5 on total and permanent incapacity, the court charged the jury:

"If you have answered questions Nos. 4 and 5 'yes,' then you will answer this question:

"Question No. 8. Do you find from a preponderance of the evidence that the defendant, R. L. Patton, was rendered partially incapacitated for the performance of labor as a result of the injury, if any, sustained by him on or about the 10th day of March, 1932?"

Following issue No. 8, the court defined partial incapacity and submitted to the jury, in special issues Nos. 9, 10, and 11, the questions as to whether such partial incapacity was permanent, the extent and degree thereof, and, if not permanent, the duration of such partial incapacity.

■ The court having submitted the questions necessary to determine the issue of partial incapacity in the main charge, there was no error in his refusal to submit the special issues on partial incapacity requested by the plaintiff.

■ The record discloses that the jury did not answer any of the issues submitted relative to partial incapacity, but no complaint was made by appellant on the original submission of the cause of such failure, and its brief contained no statement of any testimony raising the issue of partial incapacity, and referred the court to no place in the statement of facts where such testimony could be found. Since we are not required to search the statement of facts to determine whether there is fundamental error in the record, we did not consider the failure of the jury to answer the issues on partial incapacity.

In its motion for rehearing, the appellant contends that the issue of partial incapacity was material to its defense, was raised by the pleadings and the testimony, and, having been submitted to, but not answered by, the jury, the court had no authority to render judgment in the absence of a finding on such material issue, and the action of the court in rendering judgment against it without such finding constituted fundamental error.

■ The issue of partial incapacity was presented by the pleadings. Indemnity Ins. Co. of North America v. Boland (Tex.Civ. App.) 31 S.W.(2d) 518; Commercial Standard Ins. Co. v. Noack (Tex.Com.App.) 62 S.W.(2d) 72.

The appellant, in its motion for rehearing, makes a statement from the evidence which, in our opinion, is sufficient to present as a fact issue to be determined by the jury the question of partial incapacity.

■ The issues pertaining to partial incapacity, having been presented by the pleadings, raised by the testimony, and submitted to the jury by the court, were material issues to appellant's defense. Texas Employers' Ins. Ass'n v. Horn (Tex.Civ. App.) 75 S.W.(2d) 301.

■ The fact that the jury found that the appellee had been totally and permanently disabled does not authorize the presumption that they would have found against appellant on partial incapacity. Indemnity Ins. Co. of North America v. Boland, supra.

■ In Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 79, 881, the Supreme Court said: "When a jury has been demanded by either party, he is entitled to have every material issue made by the pleading and the evidence submitted to that jury, and the trial court cannot enter a

judgment upon a verdict which fails to pass upon any material issue submitted to the jury, unless it be in case of a special verdict, which is provided for by statute."

In Copeland v. Brannan (Tex.Civ.App.) 70 S.W.(2d) 660, 662 (writ dismissed) it is said: "There was no finding of the jury on some of the material questions presented, and, having submitted these issues to the jury, and the jury not having found on them, the court was not authorized to supply such findings, nor to render judgment on the issues answered, but should have refused to accept same; and the jury should have been returned for further consideration, and, in case they could not agree on such material issues, a mistrial should have been declared. The court had no authority to render judgment on the verdict, absent any finding on a material issue submitted. Cranston v. Gautier (Tex. Civ.App.) 284 S.W. 620, and cases cited therein; J. R. Milam Co. v. First. Nat. Bank (Tex.Civ.App.) 29 S.W.(2d) 480, 483; Early-Foster Co. v. [Tom B.] Burnett & Co. (Tex.Civ.App.) 224 S.W. 316; Speer's Law of Special Issues, § 430, p. 559."

In Panhandle & S. F. Ry. Co. v. Sutton, 81 S.W.(2d) 1005, 1009, the Supreme Court, speaking through Commissioner Ryan, said: "We conclude, the jury not having made findings on material issues submitted to them, the court was not authorized to supply such findings nor to render judgment on issues answered, and a mistrial of the case resulted. Copeland v. Brannan (Tex.Civ.App.) 70 S.W.(2d) 660; Speer's Law of Special Issues, p. 559, § 430. All material issues in the case must be submitted and, of course, answered. Speer's Special Issues, p. 198, § 149."

It will be noted that the holding in Copeland v. Brannan, supra, is cited with approval by the Supreme Court. To the same effect is the holding in Texas Employers' Ins. Ass'n v. Shilling (Tex.Com.App.) 289 S.W. 996; Norwich Union Ind. Co. v. Wilson (Tex.Civ.App.) 17 S.W.(2d) 68; and Southwestern Sewer Co. v. Morris (Tex. Civ.App.) 26 S.W.(2d) 311.

In Cisco Oil Mill v. Van Geem (Tex. Civ.App.) 166 S.W. 439, it is held that it is fundamental error to render a judgment upon a verdict where the jury failed to answer material issues submitted to them for their determination.

██ Since the court "had no authority to render judgment" and could not "enter judgment upon a verdict which fails to pass on all the material issues submitted to the jury," the failure of the jury to obey the instruction of the court and answer the questions submitted on partial incapacity, under the holdings in the authorities, supra, constitutes fundamental error.

The original opinion is withdrawn, the motion for rehearing granted, the judgment reversed, and the cause remanded.