## LOV VORN v. WILKINSON et al.
### No. 1952.

Court of Civil Appeals of Texas. Waco.
Dec. 16, 1937.

Rehearing Denied Jan. 20, 1938.

P. M. Rice, of Hamilton, and Oxford & McMillan, of Stephenville, for appellant.

A. R. Eidson, of Hamilton, and Callaway & Callaway, of Brownsville, for appellees.

ALEXANDER, Justice.

The plaintiff, P. H. Lov Vorn, alleged, in substance, that he entered into an oral agreement with A. J. Wilkinson, by which plaintiff, for a consideration of $6,200, agreed to erect for Wilkinson certain improvements consisting of a filling station, tourist cabin, and coffee shop; that, before the foundation of the first building was completed, the original contract was wholly abandoned and a new agreement entered into, by which plaintiff was to erect other and different improvements on the same lots and that no agreement was made as to the price to be paid by Wilkinson for the erection of the latter improvements. He sought to recover the reasonable value of the labor and material used in erecting the improvements. The defendant, in addition to a general denial, alleged that the original contract was never abandoned but that it was merely modified in certain particulars and a new agreement entered into as to the price to be paid by Wilkinson for the extra labor and material required for the completion of the extras and changes provided for in the new agreement; that Wilkinson had paid the full price provided for in the new agreement, except $300; that, by reason of plaintiff's failure to complete the contract in accordance with the agreement, Wilkinson had been damaged in the sum of $319, and that as a result the defendant was not indebted to plaintiff in any sum. A trial before a jury resulted in judgment for the defendant. Plaintiff appealed.

Special issue No. 1, as submitted to the jury, was as follows: "Do you find from a preponderance of the evidence that the original contract between the plaintiff and said A. J. Wilkinson was wholly abandoned after work was begun on the building in question and on or about June 25, 1934, by mutual consent by both parties thereto?" To which the jury answered "No." Other issues were submitted but the jury was told not to answer any of the other

issues in the event of a negative answer to the foregoing special issue No. 1. No objection was made in the lower court to this manner of submitting the case. In keeping with the instruction of the court, none of the other issues were answered by the jury.

■■ Appellant now contends that the evidence was insufficient to support the jury's finding that the original contract had not been abandoned. Under this assignment and the propositions submitted in support thereof, appellant makes the general statement that the undisputed proof showed that certain material changes were made in the designs of the buildings to be erected and the materials to be used in connection therewith, which changes amounted to an abandonment of the original agreement, but he makes no attempt to quote the testimony or to give the substance thereof, and he makes no reference to the statement of facts where the evidence may be found. Of course, whether or not the original agreement was abandoned would depend upon the facts of the case. Court of Civil Appeals rule No. 31 requires appellant to support his propositions by appropriate statements from the evidence and to verify same by reference to the page of the record where same may be found. This rule is particularly applicable where the appellant challenges the sufficiency of the evidence to support the verdict, and it is very generally held that, upon a failure to comply with this rule, such assignments and propositions will not be considered. 3 Tex.Jur. 901; Threadgill v. Fagan, Tex. Civ.App., 64 S.W.2d 405; Ford Motor Co. v. Whitt, Tex.Civ.App., 81 S.W.2d 1032, 1033, syl. 1; Garza v. Jennings, Tex. Civ.App., 44 S.W.2d 1016, syl. 4; Traders & General Ins. Co. v. Patton, Tex.Civ. App., 92 S.W.2d 1083, 1084, syl. 2. It has long been the policy of this court to ignore technicalities and dispose of all cases on their merits where possible, and, as a consequence, we have usually overlooked infractions of the rules regulating the preparation of briefs; however, in this case the statement of facts covers 218 pages and, in our opinion, it would be an abuse of discretion for us to spend the amount of time that would be necessary to read the entire statement of facts and cull therefrom the pertinent facts thereof. We therefore overrule this assignment.

In view of the fact that plaintiff failed to establish a right to recover on the theory alleged in his pleadings, the trial court properly entered judgment for the defendants.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

■■ Appellant has filed a motion for rehearing and in said motion has set out the testimony relied on by him as showing that there was an abandonment of the original contract. He has also made appropriate references to the record where such testimony may be found. Upon further examination of the record, we find that, while appellant testified that considerable changes were made in the plans after the work had begun, the testimony of A. J. Wilkinson shows substantially the following: The contract, as originally entered into, called for the erection of a filling station, certain tourist cabins, and a coffee shop on land belonging to Wilkinson. The walls of these buildings were to be erected out of concrete blocks to be taken from an old hotel belonging to Wilkinson. The overhead of each building was to be sealed and the roof was to be made of timbers and composition roofing. After the work was begun, Lov Vorn found that the old blocks were of unequal lengths and that it would be difficult to construct the building out of said blocks. He appealed to Wilkinson and requested that Wilkinson buy bricks with which to face the walls and that the brick be backed up with a concrete wall. This change was finally agreed to. Later on the contractor represented to Wilkinson that he could construct the roofs of the buildings out of reinforced concrete as cheap or cheaper than he could with timbers and composition roofing, and, upon such representation, Wilkinson agreed to the change. Later, at Wilkinson's request, the contractor agreed to make the filling station two stories high instead of one as originally agreed to. There were also some minor changes as to the dimensions of the buildings. Wilkinson was to pay for the additional labor and material required in the change. According to Wilkinson's testimony, these were the only substantial changes made in the plans. In passing on the sufficiency of the evidence to support the verdict, we are required to view it in the light most favor-

able to appellee. After careful consideration, we have reached the conclusion that the changes testified to by Wilkinson were not such as would justify this court in saying, as a matter of law, that the orig-. inal contract was abandoned and a new one substituted therefor. Consequently we would not be justified in setting aside the verdict of the jury on such findings.

We therefore overrule appellant's motion for rehearing.